### 37895. PATTERSON v. THE STATE.

SMITH, Justice.

Appellant was convicted of two counts of armed robbery. His convictions, however, were reversed in *Patterson v. State,* 157 Ga. App. 233 (276 SE2d 900) (1981), because the state "failed to fulfill its burden of proof with regard to venue . . ." Id. at 234. On remand, appellant timely filed a plea of double jeopardy, which was denied by the trial court. The trial court certified the case for immediate review, and appellant filed an application for interlocutory appeal in this court. We granted the application.

This court, however, does not have jurisdiction over appellant's double jeopardy claim. "[W]here only an application of plain provisions of the Constitution is involved, the Court of Appeals and not the Supreme Court has jurisdiction." *Robinson v. State,* 209 Ga. 48, 49 (70 SE2d 514) (1952). Furthermore, appellant does not stand accused of a capital felony. See *Marchman v. State,* 232 Ga. 48 (205 SE2d 266) (1974).

Nevertheless, the instant case presents a basic and heretofore unanswered question — whether the denial of a timely filed plea of double jeopardy is appealable without resort to the interlocutory appeal procedures of Code Ann. § 6-701(a) (2). We consider it appropriate to settle this issue now.[1]

---

[1] The fact that the Court of Appeals has original appellate jurisdiction of this case does not preclude our consideration of the "appealability" issue at this time. This court is constitutionally authorized to transfer the instant case to the Court of Appeals as well as "require by certiorari or otherwise any case to be certified to the Supreme Court from the Court of Appeals for review and determination with the same power and authority as if the case had been carried by writ of error to the Supreme Court." Art. VI, Sec. II, Par. II (Code Ann. § 2-3104). It is not necessary that a decision be rendered by the Court of Appeals or that an application for certiorari be filed with this court. *Daniels v. State,* 248 Ga. 591 (285 SE2d 516) (1981); *Collins v. State,* 239 Ga. 400 (236 SE2d 759) (1977). Cf. *Pace Const. Corp. v. Houdaille &c. Industries,* 245 Ga. 696, 697 (266 SE2d 504) (1980).

In Abney v. United States, 431 U. S. 651 (97 SC 2034, 52 LE2d 651) (1977), the U. S. Supreme Court held that the denial of a plea of double jeopardy *is* an appealable order under 28 USC § 1291 "which grants the federal courts of appeals jurisdiction to review 'all final decisions of the district courts,' both civil and criminal." Id. at 657. The court noted that "[t]he pretrial denial of a motion to dismiss an indictment on double jeopardy grounds is obviously not 'final' in the sense that it terminates the criminal proceedings in the district court." Id. However, the court concluded that such a "collateral order" falls within the "small class of cases" that are immediately appealable despite the absence of traditional finality. Id. at 659.

First, the court reasoned, "there can be no doubt that such orders constitute a complete, formal, and, in the trial court, final rejection of a criminal defendant's double jeopardy claim. There are simply no further steps that can be taken in the [trial court] to avoid the trial the defendant maintains is barred by the Fifth Amendment's guarantee." Id. Hence, there is a "fully consummated decision." Id. Furthermore, "the very nature of a double jeopardy claim is such that it is collateral to, and separable from, the principal issue of the accused's impending criminal trial, i.e., whether or not the accused is guilty of the offense charged." Id.

Finally, and perhaps of greatest importance, "the rights conferred on a criminal accused by the Double Jeopardy Clause would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence. To be sure, the Double Jeopardy Clause protects an individual against being twice convicted for the same crime, and that aspect of the right can be fully vindicated on an appeal following final judgment. . . . However [it] has long [been] recognized that the Double Jeopardy Clause protects an individual against more than being subjected to double punishments. It is a guarantee against being twice put to *trial* for the same offense . . . Obviously, [this aspect] of the guarantee's protections would be lost if the accused were forced to 'run the gauntlet' a second time before an appeal could be taken; even if the accused is acquitted, or, if convicted, has his conviction ultimately reversed on double jeopardy grounds, he has still been forced to endure a trial that the Double Jeopardy Clause was designed to prohibit . . . [If] a criminal defendant is to avoid *exposure* to double jeopardy and thereby enjoy the full protection of the Clause, his double jeopardy challenge to the indictment must be reviewable before that subsequent exposure occurs." Id. at 660-662.

Code Ann. § 6-701 (a) provides: "Appeals may be taken to the

Supreme Court and Court of Appeals from judgments and rulings of the superior courts, the constitutional city courts, and such other courts or tribunals from which writs of error are authorized by the Constitution and laws, in the following instances: (1) Where the judgment is final — that is to say — where the cause is no longer pending in the court below . . ." While the appellate courts of this state have consistently construed the term "cause" to include any portion of an action, the U. S. Supreme Court, in Abney, has provided compelling reasons why a broader construction is appropriate.where the order appealed from is one denying a plea of double jeopardy. The considerations which led the U. S. Supreme Court to conclude that an order denying a plea of double jeopardy is appealable under 28 USC § 1291 lead us to the same conclusion under Code Ann. § 6-701, where the plea was filed sufficiently in advance of trial so as not to constitute a delaying device.

As indicated above, the merits of this appeal must be decided by the Court of Appeals since no "constitutional question" is involved and appellant does not stand accused of a "capital felony." Accordingly, the case is hereby referred to the Court of Appeals.

*Referred to the Court of Appeals. All the Justices concur, except Jordan, C. J., and Marshall, J., who concur in the judgment only.*

DECIDED FEBRUARY 4, 1982.

*Harrison, Jolles & Craig, Daniel J. Craig,* for appellant.
*Sam B. Sibley, Jr., District Attorney,* for appellee.