45101. ISAACS v. THE STATE.
(364 SE2d 567)

CLARKE, Presiding Justice.

The sole issue in this case is whether the trial court erred in denying appellant's plea in abatement and motion for acquittal pursuant to OCGA § 17-7-53.1.

The state argues that this appeal should be dismissed for lack of jurisdiction because the court order is not a final judgment within the meaning of OCGA § 5-6-34 (a) and because no certificate for immediate review has been granted by the trial court. The state further insists that this appeal does not come within the court's ruling concerning the immediate appealability of the denial of a double jeopardy plea in *Patterson v. State,* 248 Ga. 875 (287 SE2d 7) (1982). Here, we deal not with double jeopardy, as in *Patterson,* but judicial economy

is best served by holding that the order complained of is subject to direct appeal as a final order.

A Seminole County Grand Jury indicted Isaacs in 1973 for six counts of murder as well as kidnapping, rape, armed robbery, and burglary. After his conviction and a subsequent grant of new trial by the federal courts, Seminole County again indicted Issacs for the same crimes in 1986. Following a change of venue, the trial court quashed all the Seminole County indictments and a Houston County Grand Jury indicted Issacs for six counts of murder on August 17, 1987. Isaacs filed a plea in abatement/motion for discharge and acquittal pursuant to OCGA § 17-7-53.1. He appeals the trial court's denial of the motion and plea.

OCGA § 17-7-53.1 provides that if upon the return of two true bills of indictment or presentment the indictments or presentments are quashed for the second time by a ruling on a motion, demurrer, special plea or exception, or other pleading of defendant or upon the court's own motion, this shall be a bar to further prosecution of defendant for the offenses charged in the indictments. Appellant insists that this statute, which was effective July 1, 1987, before the quashing of the two Seminole County indictments, is clear on its face and requires the reversal of the trial court's denial of appellant's motion. He contends that the trial court was bound to follow the mandate of the statute and that the state is barred from proceeding upon the Houston County indictment returned on August 17, 1987.

However, Section 2 of the uncodified sections of the act, Ga. L. 1987, p. 529, provides that the act shall apply to indictments or presentments returned on or after the effective date of July 1, 1987. Since the indictments quashed were all returned before that date, appellant is not within the group of defendants who may claim the benefit of the statute.

Appellant claims that the application of the statute only to indictments quashed on or after July 1, 1987, deprives him of equal protection and due process in that it creates an arbitrary category of defendants who will benefit from OCGA § 17-7-53.1. Because the statute treats all persons indicted on or after July 1, 1987, alike and because the statute presents no equal protection or due process problems, the constitutional claims of appellant do not provide ground for relief.

*Judgment affirmed. All the Justices concur. Weltner, J., disqualified.*

DECIDED FEBRUARY 5, 1988.

*Jackson & Schiavone, G. Terry Jackson, Michael G. Schiavone,* for appellant.

*Charles M. Ferguson, District Attorney, Michael J. Bowers, Attorney General, William B. Hill, Jr., Susan V. Boleyn, Senior Assistant Attorneys General, Stephen B. Bright, Michael Kennedy McIntyre,* for appellee.