### 76356. THE STATE v. SMITH et al.
(370 SE2d 15)

BENHAM, Judge.

Appellees Barnette, Causey, and Smith were indicted on charges of trafficking in cocaine, violating the Georgia Controlled Substances Act, possessing a firearm during the commission of a crime, and possessing a firearm as a convicted felon. The original indictments were filed on September 26, 1986, and were subsequently amended by re-indictments filed on October 17, 1986, and November 19, 1987. On November 20, 1987, a fourth indictment was filed, the purpose of which was to correct substantial errors in the three previous indictments. The appellees filed numerous motions in response to the various indictments, and on November 25, 1987, the trial court held a hearing to dispose of the various motions and to arraign the defendants on the fourth indictment. At that hearing appellees Smith and Causey contended they were confused about which indictment would be heard first, and after some discussion about the effect a nol pros would have on the State's ability to revive the earlier indictments, the State moved to dismiss the first three indictments. The trial court granted the State's motion and signed a consolidated order to enable trial to proceed on the fourth indictment. Appellee Smith then filed a plea in bar to the prosecution of the fourth indictment, pursuant to OCGA § 17-7-53.1 (Ga. L. 1987, p. 529), and appellee Causey moved to dismiss the fourth indictment pursuant to the same Code section. The trial court, interpreting the statute in appellees' favor, granted the motions and the State appeals. We reverse.

OCGA § 17-7-53.1, which became effective July 1, 1987, states: "If upon the return of two 'true bills' of indictments or presentments by a grand jury on the same offense, charge or allegation, the indictments or presentments are quashed for the second time, whether by ruling on a motion, demurrer, special plea or exception, or other pleading of the defendant or by the court's own motion, such actions shall be a bar to any future prosecution of such defendant for the offense, charge or allegation." Section 2 of the law, which was not codified by the General Assembly, provides that the Code section applies to indictments and presentments returned on or after July 1, 1987. Relying on *Isaacs v. State*, 257 Ga. 798 (364 SE2d 567) (1988), the State contends that the trial court erroneously applied the statute to the indictments returned before the effective date of the statute. We agree. In deciding whether Isaacs' plea in abatement pursuant to OCGA § 17-7-53.1 should have been granted, the Supreme Court ap-

plied the uncodified section of the Act and held that "[s]ince the indictments quashed were all returned before [July 1, 1987], appellant is not within the group of defendants who may claim the benefit of the statute." *Isaacs* at 799. That same analysis holds true in the case before us, in spite of the fact that one of the quashed indictments was returned after July 1, 1987. Under the codified portion of the statute, if there have been two separate true bills of indictment for the same offenses returned after July 1, 1987, and both indictments are quashed after that date, further prosecution of the defendant for the offenses charged in those indictments is barred. In appellees' cases, there has only been one indictment returned and quashed after the effective date of the statute, and so the further prosecution of those offenses is not barred. Therefore, we must conclude that the trial court erred in granting appellees' plea in bar and motion to dismiss. However, if the remaining indictments against appellees prove to be insufficient and are quashed, no further prosecution can be pursued on those charges. We note that one of the appellees contends that the State did not raise at the trial level the issue of the applicability of the uncodified portion of the statute, but our review of the transcript shows that the issue was raised by the State during the motion hearing.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED MAY 25, 1988.

*Stephen F. Lanier, District Attorney, C. Stephen Cox, Assistant District Attorney,* for appellant.

*Bobby Lee Cook, Harl C. Duffey III, Charles G. Price, Wayne W. Gammon,* for appellees.