### A89A1808. CLARK v. THE STATE.
(390 SE2d 425)

BEASLEY, Judge.

Clark appeals his conviction of possession of a firearm by a convicted felon, OCGA § 16-11-131. He claims that the conviction is precluded by collateral estoppel because he was acquitted of two other charges, aggravated assault (OCGA § 16-5-21 (a) (2)) and possession of a firearm during commission of a crime against a person (OCGA § 16-11-106 (b) (1)).

On June 2, 1988, a cab driver picked up Clark near Grady Hospital. He asked Clark to sit in the front seat with him and said Clark pulled a gun on him and attempted to rob him. The two men struggled and fell out of the passenger side of the cab. A Grady security guard saw Clark with the gun, pointing it at the cab driver. Clark ran, dropped the gun, and was caught by a second security officer.

Clark contended that the cab driver pulled the gun on him and then the struggle ensued.

Defendant's trial on the offenses was bifurcated, *Head v. State,* 253 Ga. 429 (322 SE2d 228) (1984), and the evidence was presented on the possession count after the acquittals. Defendant argued, without specifically citing either State or Federal Constitutional provisions or state statutory authority, that the acquittals factually precluded consideration of the remaining count. The court disagreed and allowed the jury to consider the evidence. A mistrial occurred because the twelfth juror failed to return the next day.

The possession-by-a-felon count was retried the next month. After the close of the evidence, closing arguments, and the charge to the jury, defendant sought a directed verdict and mistrial based on double jeopardy/collateral estoppel referring to the double jeopardy provisions of the Federal and State Constitutions but not OCGA § 16-1-8.

1. Defendant enumerates as error the denial of his objection to the court's submission of Count 4 to the first jury after acquittal on the other two counts, but a mistrial was declared and the appeal is from the second jury's verdict on that count. To the extent that the enumeration raises issue preclusion as presented in the motions for directed verdict and mistrial in the second trial, they will be considered.

" ' "Collateral estoppel" is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.' *Ashe v. Swenson*, 397 U. S. 436, 443 (90 SC 1189, 25 LE2d 469). The Supreme Court held in *Ashe* that the Fifth Amendment guarantee against double jeopardy embodies collateral estoppel as a constitutional requirement. And the protections afforded by the double jeopardy clause are binding upon the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U. S. 784 (89 SC 2056, 23 LE2d 707). Our Georgia courts applied the doctrine of collateral estoppel so as to bar a criminal prosecution long before the princip[le] was deemed binding upon the states as a constitutional requirement. See *Harris v. State*, 193 Ga. 109 (17 SE2d 573). Additionally, the 1968 Georgia Criminal Code has embodied this concept within the provisions of [OCGA § 16-1-8]. . . ." (Indention omitted.) *State v. Tate*, 136 Ga. App. 181, 185 (IV) (220 SE2d 741) (1975); 1983 Ga. Const., Art. I, Sec. I, Par. XVIII.

Here, Clark did not contend that he was not the individual who was involved in the altercation, so the issue of participation was not precluded by the acquittals. He contends that those verdicts could only have been premised on it having been found as fact that he never had possession of the gun. That does not necessarily follow. As explained by the court in denying the motions, the jury could have concluded that Clark had the gun but did not assault or attempt to rob the cab driver with it. We agree, as the elements differ. *Tate*, supra. Intentional possession itself was sufficient; no other crime need be involved. *State v. Fowler*, 182 Ga. App. 897, 898 (357 SE2d 329) (1987).

2. There was no error in the denial of the motion for new trial on the ground of insufficiency of the evidence, contrary to what is also enumerated.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 22, 1990.

Lawrence E. Diamond, for appellant.
Lewis R. Slaton, District Attorney, Joseph J. Drolet, Henry M. Newkirk, Assistant District Attorneys, for appellee.