S92A0301. ALLEN v. THE STATE.
(416 SE2d 290)

BENHAM, Justice.
In October 1987, a jury acquitted appellant of felony murder but found him guilty of malice murder and armed robbery in connection with the 1986 death of a Glynn County convenience store clerk. While finding the evidence sufficient under *Jackson v. Virginia*, 443 U. S.

---

307 (99 SC 2781, 61 LE2d 560) (1979), to support the jury's verdicts, this court reversed appellant's convictions due to a violation of the holding in *Edwards v. Arizona*, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981). *Allen v. State*, 259 Ga. 63 (377 SE2d 150) (1989). Upon initiation of proceedings in the trial court to re-try appellant, appellant filed a motion to dismiss the indictment on double jeopardy grounds. The trial court granted the motion as to the count charging appellant with felony murder, and denied it as to the charge of malice murder. This appeal followed.[1]

Appellant's motion is based upon the United States Supreme Court's decision in *Grady v. Corbin*, 495 U. S. 508 (110 SC 2084, 109 LE2d 548) (1990). *Grady* involved a defendant who had committed traffic violations that resulted in the death of another motorist. Two months after Grady pled guilty to the two traffic violations, the State charged him with vehicular homicide and assault charges arising from the auto accident. The Court there held that

> the Double Jeopardy Clause bars any subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted.

We agree with the reasoning of other courts which have faced this question and conclude that "the successive trial holding in *Grady* is ordinarily limited to instances where the State has failed to bring and join for trial all charges arising from a single episode. . . ." *Apostoledes v. State*, 323 Md. 456 (593 A2d 1117, 1123) (1991) (where the Maryland court held that the defendant's acquittal on the charge of conspiracy to commit murder did not preclude retrial for murder when the jury was unable to reach a verdict on that charge). See also *State v. Garner*, 90 Md. App. 392 (601 A2d 142) (1992) (where the court held that even if initial jeopardy had occurred when the defendant paid a fine on one of the five charges that were consolidated for trial, the termination of jeopardy on the single charge had no double jeopardy effect on the remaining pending charges). Cf. *United States v. Felix*, ___ U. S. ___ (112 SC 47, 116 LE2d 25) (1991).

> "[T]he Double Jeopardy Clause's general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside . . . because of some error in the proceed-

---

[1] The denial of a plea in bar on double jeopardy grounds is directly appealable. *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982).

ings leading to conviction." [Cits.]

*Detrich v. United States*, 924 F2d 479, 480 (2nd Cir. 1991) (where the court held that appellant's acquittal on possession of heroin with intent to distribute and conspiracy to possess heroin did not bar his retrial on the charge of importation of heroin which conviction had been reversed on appeal).

The trial court did not err in denying appellant's motion to dismiss the murder charge.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 27, 1992.

*Michael Mears & Associates, Michael Mears*, for appellant.

*Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney, Michael J. Bowers, Attorney General*, for appellee.