A92A1083. REDDING v. THE STATE.
(423 SE2d 10)

BEASLEY, Judge.

Defendant Redding appeals from the denial of his motion for judgment of acquittal pursuant to OCGA § 17-7-53.1.

The DeKalb County Grand Jury in the May Term of 1988 returned an indictment charging Redding with burglary, aggravated assault, robbery, three counts of aggravated sodomy, and two counts of rape. All offenses were alleged to have occurred on September 29, 1987, and in each instance C. W. was the victim. Redding's motion to suppress evidence of the burglary, rape, and aggravated sodomy was granted following this court's decision in *Redding v. State*, 192 Ga. App. 87 (383 SE2d 640) (1989).

Redding was reindicted in the November Term of 1989 for six of the originally indicted offenses plus an alternate count of burglary involving C. W. on September 29, 1987, and for seven additional offenses against a different victim on another date. On March 12, 1991, the 1988 indictment was nolle prossed for the express reason that the case had been reindicted in 1989. The 1989 indictment was also nolle prossed for the stated reasons that further scientific investigation was

required, the case had appeared on several trial calendars, and defendant was serving in the penitentiary for another case.

Redding was again indicted in the May Term of 1991 for the same offenses as alleged in the 1989 indictment against C. W. and the seven additional offenses against the other victim named in the 1989 indictment. Defendant moved for judgment of acquittal on the first seven counts of the 1991 indictment which, save for one count, alleged the offenses against C. W. previously charged in both the 1988 and 1989 indictments.

1. Even though this case remains pending in the trial court, this Court has jurisdiction because the order complained of is subject to direct appeal as a final order. *Isaacs v. State*, 257 Ga. 798 (364 SE2d 567) (1988).

2. The sole issue is whether the entries of nolle prosequi trigger the application of OCGA § 17-7-53.1, which states: "If, upon the return of two 'true bills' of indictments or presentments by a grand jury on the same offense, charge, or allegation, the indictments or presentments are quashed for the second time, whether by ruling on a motion, demurrer, special plea or exception, or other pleading of the defendant or by the court's own motion, such actions shall be a bar to any future prosecution of such defendant for the offense, charge, or allegation."

There appear to be two published decisions related to the construction of OCGA § 17-7-53.1, *Isaacs*, supra, and *State v. Smith*, 187 Ga. App. 249 (370 SE2d 15) (1988). In both cases the statute was held not to apply because the indictments were returned before July 1, 1987, the effective date of the statute.

Even if *Smith* evinces an assumption that a nolle prosequi could trigger the application of OCGA § 17-7-53.1, it is not necessary to the resolution of the case and was thus dicta. *State Hwy. Dept. v. Cooper*, 104 Ga. App. 130, 136 (121 SE2d 258) (1961).

Redding urges that the term "quashed" as used in the statute should be broadly construed to include any order vacating or nullifying the indictment. This view ignores the limiting language in the Code section, which specifies that the bar to further prosecution intervenes after a second quashing "by ruling on a motion, demurrer, special plea or exception, or other pleading of the defendant or by the court's own motion." "Quashed," according to Black's Law Dictionary, means "[t]o overthrow; to abate; to vacate; to annul; to make void." In the statute it refers only to action on a matter initiated by the defendant or the court, but not the State. The bar under the code section only follows actions adverse to the State, putting it out of court. "Nolle prosequi," on the other hand, is the State's formal action on its decision not to further prosecute that indictment. See Black's Law Dictionary. It is the prerogative only of the State, which

may enter it with court approval. OCGA § 17-3-3; *State v. Hanson*, 249 Ga. 739, 743 (2) (295 SE2d 297) (1982).

OCGA § 17-3-3, also dealing with limitation of prosecutions, clearly distinguishes between indictments which are "quashed" and those which are terminated by "nolle prosequi." To disregard the limiting language of OCGA § 17-7-53.1 would be to render such language meaningless. A statute is to be interpreted so as to give meaning to its entire content rather than to find parts to be surplusage. *Porter v. Food Giant*, 198 Ga. App. 736, 738 (402 SE2d 766) (1991). It follows that entries of nolle prosequi do not trigger the bar to prosecution in OCGA § 17-7-53.1.

Redding was not entitled to a judgment of acquittal.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 8, 1992 —
RECONSIDERATION DENIED SEPTEMBER 29, 1992 — 

*Stephen T. Maples,* for appellant.

*Robert E. Wilson, District Attorney, John H. Petrey, Elisabeth G. MacNamara, Assistant District Attorneys* for appellee.