## S00A1460. PHILLIPS v. THE STATE.
### (537 SE2d 63)

HUNSTEIN, Justice.

This case is before us on Obie Phillips' appeal from the denial of his plea in bar of double jeopardy. See generally *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982). Phillips was indicted on charges arising out of the robbery and shooting death of Malone Pace. At issue are two counts in the indictment. Count 2 of the indictment charged Phillips with felony murder, alleging that he did "unlawfully during the commission of the following felony, to wit: Aggravated Assault, cause the death of Malone Pace, a human being, by shooting him with a handgun." Count 4 of the indictment charged Phillips with aggravated assault, alleging that he committed "an assault upon the person of Malone Pace, by shooting him with a handgun, all with the intent to rob Malone Pace." At Phillips' trial in May 1999, the jury was unable to reach a verdict on Count 2, felony murder, and the trial court entered a mistrial on that count.[1] The jury's verdict provided that "[a]s to Count 4 of the Indictment, we, the jury, find the Defendant Not Guilty of the Offense of Aggravated Assault."

Phillips filed a plea in bar claiming that the jury's acquittal on the aggravated assault charge prevented the State from prosecuting

---

[1] A mistrial was also entered on Count 1, malice murder. That count is not at issue in this appeal.

him for the felony murder based on the underlying felony of aggravated assault. See generally *North Carolina v. Pearce*, 395 U. S. 711, 717 (23 LE2d 656, 89 SC 2072) (1969) (double jeopardy protects, inter alia, against a second prosecution for same offense after acquittal); *Stephens v. Hopper*, 241 Ga. 596 (1) (247 SE2d 92) (1978) (double jeopardy analysis). Phillips' argument is not based on the language in the indictment, which he acknowledges sets forth two different forms of aggravated assault, i.e., the Count 4 charge of aggravated assault with intent to rob, see OCGA § 16-5-21 (a) (1), and aggravated assault with a deadly weapon, see OCGA § 16-5-21 (a) (2), as the felony underlying the Count 2 felony murder charge. Rather, Phillips argues that the trial court's instructions to the jury obliterated the distinction between the two forms of aggravated assault.

The transcript reflects that the trial court, after originally instructing the jury only as to aggravated assault with intent to rob, recharged the jury on aggravated assault, stating that

> [a] person commits the offense of aggravated assault when that person assaults another person, A, with the intent to rob; or, B, with a deadly weapon or with any object . . . which when used offensively against a person is likely to or actually does result in serious bodily injury. The intent to rob is a material element of aggravated assault as charged in this case.

Phillips asserts that this charge instructed the jury that it could convict him of aggravated assault as defined by either (a) (1) or (a) (2) of OCGA § 16-5-21. Hence, Phillips contends that his acquittal by the jury on Count 4 necessarily meant the jury found he was not guilty of either form of aggravated assault. We do not agree.

The trial court in both the original and subsequent charge stressed to the jury that the intent to rob was a material element of aggravated assault "as charged in this case." The indictment went out with the jury during deliberations and it expressly showed that the only aggravated assault charge was Count 4, aggravated assault with intent to rob. Furthermore, the jury was given a limiting charge instructing it regarding the State's burden of proving every material allegation set forth in the indictment. While it would have been better had the trial court delineated in its instructions between the aggravated assault charge in Count 4 and the use of aggravated assault as the felony underlying the Count 2 felony murder charge, the jury's verdict establishes that the jury was not confused by the two forms of aggravated assault involved in the case since the jury specified that its acquittal went specifically to the "Count 4" aggravated assault charge, which the jury knew from the indictment

involved only aggravated assault with intent to rob. The verdict thus reflects that the jury intended to and did acquit Phillips solely on the charge of aggravated assault with intent to rob, OCGA § 16-5-21 (a) (1). The State's prosecution of Phillips for felony murder based on the separate underlying felony of aggravated assault with a deadly weapon, OCGA § 16-5-21 (a) (2), is thus not barred as a successive prosecution in violation of Phillips' double jeopardy rights. OCGA § 16-1-8 (a).

To the extent that Phillips' argument that the acquittal means the jury necessarily found him not guilty of aggravated assault with a deadly weapon, this assertion raises the issue of collateral estoppel, a doctrine which is embodied in the guarantee against double jeopardy. *Ashe v. Swenson*, 397 U. S. 436, 442 (90 SC 1189, 25 LE2d 469) (1970). The doctrine of collateral estoppel does not bar a prosecution

> "unless the issues of fact central to that prosecution were *necessarily* determined in the former trial. [Cits.] Unless the record of the prior proceeding affirmatively demonstrates that an issue·involved in the second trial was definitely determined in the former trial, the possibility that it may have been does not prevent the relitigation of that issue. [Cit.]"

*State v. Tate*, 136 Ga. App. 181, 186 (220 SE2d 741) (1975). The transcript of the evidence adduced at Phillips' first trial reveals that the jury could have concluded that Phillips assaulted the victim with a deadly weapon but did not do so with the intent to rob. The situation here is thus comparable to that presented in *Clark v. State*, 194 Ga. App. 280 (1) (390 SE2d 425) (1990), wherein the jury's earlier acquittal of Clark on a charge of possession of a firearm during the commission of a crime was held not to bar Clark's subsequent prosecution on a charge of possession of a firearm by a convicted felon since "the jury could have concluded [in the first trial] that Clark had the gun but did not assault or attempt to rob the cab driver with it." Id. at 281 (1). In the instant case, because the transcript does not establish that the jury necessarily found that Phillips did not assault the victim with a deadly weapon, the mere possibility that the jury may have done so does not bar the State's prosecution of Phillips for felony murder based on aggravated assault with a deadly weapon.

Accordingly, the trial court properly denied Phillips' plea in bar. *Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 2, 2000.

*Natalee L. Staats*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Elizabeth A. Baker, Assistant District Attorneys*, for appellee.