S04A1194. SHARP v. THE STATE.

(602 SE2d 591)

HUNSTEIN, Justice.

Jason Sharp was convicted of murder and possession of a firearm arising out of the shooting death of Chhon Prak.[1] He appeals from the trial court's denial of his motion for new trial. Finding no error, we affirm.

1. The evidence at trial authorized the jury to find that on the night of the crimes Sharp walked to a local gas station and approached Prak while he pumped gas. Sharp asked Prak for money and when Prak refused, the two men scuffled. During the scuffle, Sharp pulled out a gun and fatally shot Prak twice in the chest. Sharp returned to his apartment where he discarded his clothes and gave the murder weapon to a friend who later disclosed its location to police. Viewed in the light most favorable to the verdict, we find the evidence was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that Sharp was guilty of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

---

[1] The crimes occurred around midnight on May 1, 2001. Sharp was indicted by a Clayton County grand jury on February 22, 2002, on charges of malice murder, four counts of felony murder, two counts of aggravated assault, two counts of possession of a firearm by a convicted felon, and three counts of possession of a weapon during the commission of a crime. He was tried by a jury on July 8-11, 2002, and found guilty of all charges. On July 15, 2002, he was sentenced to life in prison for malice murder and a consecutive five year term for possession of a firearm during the commission of a crime. A motion for new trial was filed on July 15, 2002, amended on October 15, 2003, and denied on February 9, 2004. Sharp filed his notice of appeal on February 12, 2004. The appeal was docketed in this Court on March 24, 2004, and submitted for decision on the briefs on May 17, 2004.

2. Sharp contends he was denied effective assistance of counsel because trial counsel failed to challenge the racial composition of the venire.[2] To prevail on a claim of ineffective assistance of counsel, "the defendant must show that counsel's performance was deficient . . . [and] the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984). There is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case. In reviewing a lower court's determination of a claim of ineffective assistance of counsel, we give deference to the trial court's factual findings, which are upheld on appeal unless clearly erroneous. *Washington v. State,* 276 Ga. 655 (3) (581 SE2d 518) (2003).

In this case, we find neither deficient performance nor prejudice. Sharp does not argue that the State failed to randomly select the jury panels as required by law. See OCGA §§ 15-12-40 (b), 15-12-42 (b). Instead, he argues that the venire did not include a fair cross-section of the community, i.e., the white population was under represented in the venire. There is, however, no constitutional guarantee that grand or petit juries, impaneled in a particular case, will constitute a representative cross-section of the entire community. *Taylor v. Louisiana,* 419 U. S. 522, 538 (95 SC 692, 42 LE2d 690) (1975); *Torres v. State,* 272 Ga. 389, 391 (529 SE2d 883) (2000). A defendant is not constitutionally entitled to a venire or jury roll of any particular composition. *Larmon v. State,* 256 Ga. 228-229 (345 SE2d 587) (1986). "A defendant is entitled to an array of properly drawn, impartial jurors to which he may direct his peremptory challenges. A party is entitled to this as a matter of right; but, conversely, he is entitled to no more. [Cit.]" *Dampier v. State,* 245 Ga. 427, 433 (9) (265 SE2d 565) (1980). Because Sharp was not constitutionally entitled to a venire of "any particular composition," trial counsel was not deficient in failing to object to the alleged under representation of whites in the venire.

3. Sharp further contends trial counsel was deficient because he failed to raise a *Batson* challenge when the State struck a white juror and failed to have voir dire transcribed by the court reporter. See *Batson v. Kentucky,* 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). Therefore, Sharp argues, the State was not required to provide a reason for its strike and he was denied the opportunity to challenge the State's explanation for its strike. Trial counsel testified, however,

---

[2] The record reflects that at the time of Sharp's trial, 42.5% of the eligible juror population was white, while 25% of the particular jury array was white. Sharp's petit jury originally was comprised of one white, ten black, and one Hispanic member. The white petit juror subsequently was excused for personal reasons and replaced by a black alternate juror.

that he kept track of each of the State's peremptory strikes, only one of which was against a white individual; that he believed that the State had valid reasons for its use of peremptory strikes; and that counsel had made correct decisions in his own use of peremptory strikes, including the removal of three white individuals. Sharp makes no showing that the State's use of its peremptory strike to remove a white juror was improper and he points to no other evidence of deficient representation other than failure to record. "[A] general unspecified hope of reversible error during voir dire does not win a new trial on the ground that a record should have been made so as to accommodate a search for error now buried in unrecorded history." (Footnote omitted.) *Primas v. State*, 231 Ga. App. 861, 863 (2) (501 SE2d 28) (1998). Sharp has failed to meet the first prong of *Strickland*.

4. We do not address Sharp's constitutional challenge to the legal rule requiring a defendant to prove that any racial disparity was the result of intentional discrimination. See *Watson v. State*, 261 Ga. App. 562 (3) (583 SE2d 228) (2003). Inasmuch as Sharp is challenging the burden of proof for the first time on appeal, the objection is improper and has been waived. See *Totten v. State*, 276 Ga. 199 (3) (577 SE2d 272) (2003).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 13, 2004.

*Patricia F. Angeli*, for appellant.

*Robert E. Keller, District Attorney, Erman J. Tanjuatco, Assistant District Attorney, Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General*, for appellee.