## S06A0297. LANGLANDS v. THE STATE.
(633 SE2d 537)

THOMPSON, Justice.

Defendant Steven Christopher Langlands was convicted of malice murder, aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. The trial court sentenced defendant to life in prison for the murder conviction, to be followed by two consecutive five-year terms for the firearms convictions.[1]

Defendant moved for a new trial alleging, inter alia, ineffective assistance of counsel. Following a hearing, the trial court found that defense counsel was ineffective because he failed to present evidence that the victim committed specific acts of violence against a third person — even though defendant claimed justification. See *Chandler v. State,* 261 Ga. 402, 407 (3) (405 SE2d 669) (1991). It then granted defendant's motion for new trial with regard to the murder and aggravated assault convictions, but denied defendant's motion as to the firearm convictions. Defendant appeals, claiming he is entitled to a new trial on all of the charges.

1. Because the murder count of the indictment remains pending below, jurisdiction of this appeal lies in this Court. Compare *Cain v. State,* 277 Ga. 309, 310 (1) (588 SE2d 707) (2003) with *WALB-TV v. Gibson,* 269 Ga. 564, n. 2 (501 SE2d 821) (1998).

2. The trial court determined that counsel rendered ineffective assistance because he failed to present evidence that would have supported the justification defense. Based on that determination, the trial court awarded a new trial upon the malice murder and aggravated assault counts, but refused to grant a new trial upon all counts of the indictment.

We agree with defendant that it was illogical to grant a new trial upon the murder and aggravated assault counts, but not upon the count alleging possession of a firearm during the commission of a crime. If the jury could have found that defendant acted in self-defense with regard to the murder and aggravated assault counts, it also could have acquitted defendant on the charge of possession of a

---

[1] The aggravated assault conviction was merged with the murder conviction.

firearm during the commission of a crime. That is because the justification defense was applicable to three counts: murder, aggravated assault, and possession of a firearm during the commission of a crime. It follows that defendant was entitled to a new trial on the charge of possession of a firearm during the commission of a crime.

However, counsel's ineffective assistance with regard to the justification defense did not warrant a new trial on the other firearm charge, i.e., possession of a firearm by a convicted felon. The facts demonstrated that defendant, a convicted felon, was in possession of a firearm before he exchanged words and fought with the victim. Thus, the justification defense was not applicable to the charge of possession of a firearm by a convicted felon under the circumstances of this case. See *Heard v. State*, 261 Ga. 262, 263, n. 2 (403 SE2d 438) (1991). It follows that counsel's ineffective assistance played no role in defendant's conviction for that offense.

3. In view of our ruling in Division 2, we turn our attention to the enumerations of error dealing with the remaining count of the indictment — possession of a firearm by a convicted felon.

The grand jury indicted defendant on July 28, 2003. Count five of the indictment contained the allegations charging defendant with possession of a firearm by a convicted felon. This was the second time that defendant was indicted and charged with this offense because the trial court sustained a demurrer to the same count, i.e., count five, previously. See *Langlands v. State*, 276 Ga. 721, 722 (2) (583 SE2d 18) (2003).

With one exception, all of the counts of the second indictment alleged that the crimes occurred on August 29, 2001. The exception was count five, which mistakenly asserted that defendant committed the crime on August 29, 2003 — one month *after* the indictment. This was an obvious clerical error which, after verdict and judgment, would not have vitiated the indictment. *Wood v. State*, 118 Ga. App. 477 (164 SE2d 233) (1968); *Lewis v. State*, 55 Ga. App. 743 (2) (191 SE 278) (1937). However, defendant could have challenged the indictment on the ground that it set forth an impossible date by filing a timely written demurrer. See *Lewis v. State*, supra ("[a]fter verdict and judgment the indictment alleging an impossible day, or a day after the bill was found true, is held good. It would be otherwise if it were excepted to in time on special demurrer in writing"). Defendant did not do that.[2]

---

[2] At the hearing upon the motion for new trial, defendant's trial counsel testified that he did not make a strategic decision to forego a timely challenge to count five, adding "I must have missed it."

Defendant asserts trial counsel was ineffective for failing to except to count five of the new indictment. To prevail on a claim of ineffective assistance of counsel, defendant must establish that counsel's performance fell below an objective standard of reasonableness, and that the deficient performance prejudiced the defense. *Sharp v. State*, 278 Ga. 352, 353 (602 SE2d 591) (2004); *Cormier v. State*, 277 Ga. 607, 608 (2) (592 SE2d 841) (2004). Here defendant demonstrated that trial counsel failed to file a demurrer to an obviously defective count of the indictment without any justification whatsoever. He argues that trial counsel's failure to challenge the re-indictment was not objectively reasonable — and the State does not take issue with that argument.[3] Under these circumstances, we find that trial counsel's performance was deficient, and we go on to determine whether defendant was prejudiced.

We have no hesitation in concluding that trial counsel's deficient performance prejudiced the defense. This was the second indictment against defendant alleging possession of a firearm by a convicted felon. The trial court sustained defendant's demurrer to count five of the previous indictment and quashed that charge. If trial counsel had timely challenged count five of the second indictment, any future prosecution for that crime would be barred. OCGA § 17-7-53.1; *State v. Dorsey*, 251 Ga. App. 788 (555 SE2d 141) (2001).

4. Because we have determined that the trial court erred in denying defendant's motion for new trial with respect to the firearm convictions, the remaining enumerations of error are moot.

*Judgment reversed. All the Justices concur.*

DECIDED JULY 14, 2006.

*Brian Steel*, for appellant.

*Michael H. Crawford, District Attorney, Thurbert E. Baker, Attorney General, Vonnetta L. Benjamin, Assistant Attorney General*, for appellee.

---

[3] The State only asserts that defendant was not prejudiced by trial counsel's performance.