S07A0785. LANGLANDS v. THE STATE.
(646 SE2d 253)

CARLEY, Justice.

Steve Christopher Langlands was charged with murder, aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. The trial court sustained a general demurrer, and this Court affirmed, because a certain Pennsylvania conviction was improperly used as a predicate offense for possession of a firearm by a convicted felon. *State v. Langlands*, 276 Ga. 721, 722 (2) (583 SE2d 18) (2003).

Langlands was subsequently re-indicted and convicted on all counts. The trial court granted a motion for new trial, based on ineffective assistance of counsel, with respect to murder and aggravated assault, but denied the motion as to the remaining counts. On appeal, this Court reversed, holding that the trial court erred in denying a new trial as to the firearm convictions. *Langlands v. State*, 280 Ga. 799 (633 SE2d 537) (2006) (*Langlands II*). Regarding possession of a firearm by a convicted felon, we determined that trial counsel was deficient in failing to file a special demurrer based on the

mistaken allegation that the crime was committed on a date after return of the indictment. *Langlands II*, supra at 800-801 (3). We further concluded that this deficient performance prejudiced the defense because the trial court had already quashed the same charge once before and, thus, "[i]f trial counsel had timely challenged [the same] count . . . of the second indictment, any future prosecution for that crime would be barred. OCGA § 17-7-53.1; [cit.]." *Langlands II*, supra at 801 (3).

After another re-indictment, the trial court overruled a plea in bar as to possession of a firearm by a convicted felon. In a separate order on the same day, the trial court also rejected a plea in abatement which was based on the allegedly illegal composition of the grand jury. The trial court certified, for immediate review, the order overruling the plea in bar. Langlands filed both a notice of direct appeal and an application for interlocutory appeal from that order. We granted the application in order to determine whether Langlands had a right of direct appeal and whether the trial court erred in overruling the plea in bar. "Because the murder count of the indictment [still] remains pending below, jurisdiction of this appeal lies in this Court. [Cits.]" *Langlands II*, supra at 799 (1).

1. "The denial of a plea in bar on double jeopardy grounds is directly appealable. *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982)." *Allen v. State*, 262 Ga. 240, 241, fn. 1 (416 SE2d 290) (1992). Where, as here, the plea is based on OCGA § 17-7-53.1, "we deal not with double jeopardy, as in *Patterson*, but judicial economy is best served by holding that the order complained of is subject to direct appeal as a final order." *Isaacs v. State*, 257 Ga. 798-799 (364 SE2d 567) (1988). Under *Patterson*, *Isaacs*, and their progeny, an order overruling a plea in bar based on either double jeopardy or OCGA § 17-7-53.1 is directly appealable even if the plea was directed to fewer than all the counts of an indictment. *Phillips v. State*, 272 Ga. 840 (537 SE2d 63) (2000); *Young v. State*, 251 Ga. 153, 155 (1) (303 SE2d 431) (1983); *Redding v. State*, 205 Ga. App. 613, 614 (1) (423 SE2d 10) (1992).

2. Langlands contends that retrial on the charge of firearm possession by a convicted felon is prohibited because it would conflict with our holding in *Langlands II* and would not remedy the ineffective assistance of trial counsel.

Under the "law of the case" rule, "any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be." OCGA § 9-11-60 (h). "The 'law of the case' doctrine is not confined to civil cases, but applies also to rulings made by appellate courts in criminal cases. [Cit.]" *Roulain v. Martin*, 266 Ga. 353, 354 (1) (466 SE2d 837)

(1996). In *Langlands II*, supra at 801 (3), this Court clearly held that, but for trial counsel's deficient performance in failing to challenge the count of possession of a firearm by a convicted felon, "any future prosecution for that crime would be barred" pursuant to OCGA § 17-7-53.1. In other words, a non-deficient performance by counsel necessarily would have resulted in a bar to further prosecution. We are "certainly . . . bound by th[is] ruling . . . , regardless of whether [it] may be erroneous. [Cits.]" *Roulain v. Martin*, supra.

Although this Court reversed the judgment in *Langlands II*, we did not explicitly determine whether our holding permitted retrial for firearm possession by a convicted felon. " 'The general rule is that the retrial of the defendant is not barred where reversal of the conviction results from trial error rather than evidentiary insufficiency. (Cits.)' " *Nance v. State*, 274 Ga. 311 (553 SE2d 794) (2001). A defendant who procures the setting aside of a judgment against him generally " 'may be tried anew . . . upon another indictment, for the same offense of which he had been convicted.' [Cit.]" *Godfrey v. State*, 248 Ga. 616, 618 (1) (284 SE2d 422) (1981) (quoting *Ball v. United States*, 163 U. S. 662 (16 SC 1192, 41 LE 300) (1896)). Ordinarily, where a "defendant was deprived of effective assistance of counsel but the evidence was nevertheless sufficient to convict, the proper remedy is to reverse defendant's conviction and remand the matter for a new trial. [Cits.]" *People v. Young*, 716 NE2d 312, 316 (Ill. App. 1999). See also *Young v. State*, supra at 156 (2); *Nicolaou v. State*, 612 S2d 1080, 1086 (VI) (Miss. 1992); *People v. Gridiron*, 476 NW2d 411 (Mich. 1991), amending the judgment in 475 NW2d 879, 881 (Mich. App. 1991).

Forbidding retrial "is an extraordinary remedy that is suitable only in certain situations, such as when a retrial itself would violate the petitioner's constitutional rights. [Cit.]" *Foster v. Lockhart*, 9 F3d 722, 727 (8th Cir. 1993). "[N]ot . . . all pre-trial attorney negligence is 'cured' or rendered harmless by a subsequent fair trial." *State v. Allah*, 787 A2d 887, 899 (III) (A) (N.J. 2002). Some "errors . . . are not rendered harmless or moot by a subsequent fair trial, such as the error here — the failure to make a pre-trial motion — that led to a proceeding that never should have occurred. [Cits.]" *State v. Allah*, supra. In that instance, retrial cannot remedy the violation of the defendant's constitutional right to effective assistance of counsel. Under our holding in *Langlands II* trial counsel's failure to file a special demurrer as to the count of firearm possession by a convicted felon led to a trial on that count which should not have occurred. Accordingly, pursuant to the "law of the case," Langlands is entitled to both the reversal which resulted in *Langlands II* and the quashing of such count. See *State v. Allah*, supra. Therefore, the trial court erred in overruling the plea in bar.

Although *Langlands II*, supra at 801 (3), stands as the law of the case between the parties now before us, its holding may be reviewed and overruled with respect to other cases between different parties. *Dicks v. Zurich American Ins. Co.*, 231 Ga. App. 448, 450 (499 SE2d 169) (1998); *Redmond v. Blau*, 153 Ga. App. 395, 396 (265 SE2d 329) (1980). The flaw in the holding in *Langlands II* is this Court's failure to recognize that, upon the State's request, "[t]he trial court has discretion to order the entry of a nolle prosequi, instead of quashing the indictment, to avoid the application of OCGA § 17-7-53.1. [Cit.]" *State v. Lejeune*, 276 Ga. 179, 184 (4) (576 SE2d 888) (2003). Therefore, if trial counsel had filed a special demurrer, but the trial court had exercised its discretion to permit a nolle prosequi, the result would not have been a bar to further prosecution. The discussion of the issue in *Langlands II* should have been limited to whether trial counsel's failure to challenge the count was deficient and prejudicial, not whether future prosecution would be barred in the hypothetical event that the attorney had filed a timely special demurrer. Prejudice is determined on the basis of what the lawyer did or did not do, not what the trial court or prosecutor may have done if the lawyer had performed effectively. Therefore, were it not for the "law of the case" in *Langlands II*, it should be clear that any future prosecution would be barred only if the count of firearm possession by a convicted felon had been both timely challenged and successfully quashed. Where there is a timely special demurrer, but quashing of the indictment is neither accomplished nor absolutely required, prosecution under a corrected, non-defective indictment is permissible, and OCGA § 17-7-53.1 does not require that a plea in bar be sustained. Therefore, the holding to the contrary in *Langlands II* is overruled.

3. Langlands further contends that the trial court erred in rejecting his challenge to the composition of the grand jury that returned the indictment. He did not obtain a certificate of immediate review with respect to the trial court's order overruling his plea in abatement. As we held in Division 1, however, the trial court's order overruling the plea in bar is directly appealable. OCGA "§ 5-6-34 (d) permits an order that, standing alone, would be subject to the application requirements of § 5-6-34 (b) to be added to the appeal of an order that is directly appealable. [Cits.]" *Martin v. Williams*, 263 Ga. 707, 710 (3) (438 SE2d 353) (1994). Thus, we have jurisdiction to address the order which rejected the grand jury challenge.

Langlands did not challenge the grand jury's composition until after the indictment was returned and, indeed, not until 19 days after arraignment. Such a challenge

> " ' "must be made prior to the return of the indictment or the defendant must show that he had no knowledge, either

actual or constructive, of such alleged illegal composition of the grand jury prior to the time the indictment was returned; otherwise, the objection is deemed to be waived. [Cits.]" ' [Cits.]" [Cit.]

*Clark v. State*, 255 Ga. 370, 372 (2) (338 SE2d 269) (1986). In this case, the grand jury was impaneled, and *Langlands II* was decided, nearly three months before the indictment was returned. The trial court found that Langlands did not make any showing that, prior to return of the indictment, he had neither actual nor constructive knowledge of the alleged illegal composition of the grand jury, and, on appeal, he has failed to cite any evidence regarding such lack of knowledge. *Tennon v. State*, 235 Ga. 594, 595 (1) (220 SE2d 914) (1975). Under these circumstances, an objection to the grand jury's composition cannot be raised by a plea in abatement. *Hamby v. State*, 243 Ga. 339, 340 (1) (253 SE2d 759) (1979). Even if the plea in abatement was the proper method for raising this objection, it was still untimely because it was not filed within ten days after the arraignment, as required by OCGA § 17-7-110, and the trial court did not extend the time for filing.

Moreover, even assuming that the grand jury challenge was timely, it is without merit because, as the trial court found, Langlands challenged only the composition of the grand jury impaneled in this case, and not the array.

"There is no constitutional guarantee that grand or petit juries, impaneled in a particular case, will constitute a representative cross-section of the entire community. (Cit.) The proper inquiry concerns the procedures for compiling the jury lists and not the actual composition of the grand or traverse jury in a particular case. (Cit.)" [Cit.]

*Lawler v. State*, 276 Ga. 229, 231-232 (2) (576 SE2d 841) (2003). See also *Sharp v. State*, 278 Ga. 352, 353 (2) (602 SE2d 591) (2004).

*Judgments affirmed in part and reversed in part. All the Justices concur.*

DECIDED JUNE 4, 2007.

*James E. Staples, Jr.,* for appellant.

*Michael H. Crawford, District Attorney, Richard K. Bridgeman, Assistant District Attorney,* for appellee.