**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS***
***COURT. ALL FILINGS MUST BE SUBMITTED WITHIN***
***THE TIMES SET BY OUR COURT RULES.***

**September 18, 2020**

# In the Court of Appeals of Georgia

A20A1161. MASSENGILLE v. THE STATE.                    DO-040 C

DOYLE, Presiding Judge.

Adonis Christopher Massengille appeals from a superior court order denying his plea in bar and motion to dismiss all charges in an indictment accusing him of fleeing or attempting to elude a police officer, failing to stop at a stop sign, speeding, failing to maintain lane, improper passing, reckless driving, driving with a suspended license, and possessing less than an ounce of marijuana.[1] Massengille contends that the superior court prosecution was barred because of a prior municipal court proceeding based on the same conduct. For the reasons that follow, we affirm.

---

[1] Prior to hearing Massengille's plea in bar, the trial court entered a nolle prosequi order at the State's request as to the charges for driving with a suspended license charge and possessing marijuana. According to the State, the suspended license charge had been prosecuted, and the marijuana possession charge was susceptible to a motion to suppress.

The appellate standard of review of a grant or denial of a double jeopardy plea in bar is whether, after reviewing the trial court's oral and written rulings as a whole, the trial court's findings support its conclusion. But where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, we review de novo the trial court's application of the law to undisputed facts.[2]

The testimony from the plea-in-bar hearing shows that in January 2018, a Walton County sheriff's deputy observed a vehicle driven by Massengille run a stop sign, so the deputy attempted to initiate a traffic stop. Instead of stopping, Massengille sped up, passed another vehicle, and soon thereafter left the roadway out of control. Seconds later, Massengille resumed his flight, and the deputy pursued, at times reaching more than 90 miles per hour. Due to foggy conditions causing poor visibility, a sergeant called an end to the pursuit out of concern for safety. The deputy radioed in his position and a description of Massengille's vehicle and headed to the sheriff's office to begin his report of the pursuit. The description and time of pursuit

---

[2] (Citations and punctuation omitted.) *Garrett v. State*, 306 Ga. App. 429, 429 (702 SE2d 470) (2010). See also *Medina v. State*, __ Ga. __, ___ (1) (844 SE2d 767) (2020) ("[A]lthough we defer to a trial court's resolution of disputed issues of fact when reviewing its ruling on a plea in bar, that deference ceases when the trial court makes findings that are clearly erroneous.").

were shared with surrounding jurisdictions, and as he was en route to the office, the deputy heard a dispatch transmission that the City of Monroe police had made contact with the vehicle and attempted to conduct a traffic stop. The deputy was further advised that Monroe police had lost contact, and the vehicle was traveling towards Social Circle.

Fifteen minutes later, as the deputy wrote up his report at his desk, he heard the call that a vehicle matching the one he pursued had crashed into a tree and was on fire at a nearby location. Massengille was identified as the driver at the scene and arrested.

Based on these events, Massengille was cited by the City of Monroe for driving with a suspended license, fleeing police, and reckless driving; he pleaded guilty to those charges in June 2018.[3] In November 2018, Massengille was charged in the Superior Court of Walton County with fleeing or attempting to elude a police officer, failing to stop at a stop sign, speeding, failure to maintain lane, improper passing, reckless driving, driving with a suspended license, and possessing less than an ounce of marijuana.

---

[3] Pleadings in the record indicate that Massengille was also charged with driving without headlights, failing to stop at a stop sign (five counts), and failing to obey a traffic control device (two counts). Those citations do not appear in the record.

In January 2019, Massengille filed a plea in bar and motion to dismiss the superior court charges based on a procedural double jeopardy claim. Following an evidentiary hearing, the superior court denied the motion; Massengille now appeals.[4]

Massengille contends that the superior court erred by denying his procedural double jeopardy claim because the prosecution should have been brought in one proceeding, and in light of the guilty plea to the City of Monroe charges, the State cannot subsequently prosecute him in superior court for additional charges based on the same police chase. In light of evidence supporting the superior court's findings and conclusions, Massengille's argument provides no basis for reversal.

The Georgia Criminal Code provides for a procedural protection, in addition to traditional constitutional protections, against being "worn down" by multiple prosecutions for offenses arising from the same criminal conduct.[5]

> Under OCGA § 16-1-7 (b), if several crimes [1] arising from the same conduct are [2] known to the proper prosecuting officer at the time of

---

[4] The superior court denied the motion orally from the bench on February 27, 2019. On March 5, 2019, Massengille filed a notice of appeal. A written order denying the motion was entered on September 19, 2019. "The denial of a plea in bar on double jeopardy grounds is directly appealable." *Langlands v. State*, 282 Ga. 103, 104 (1) (646 SE2d 253) (2007).

[5] *McCannon v. State*, 252 Ga. 515, 519 (315 SE2d 413) (1984).

4

commencing the prosecution and are [3] within the jurisdiction of a single court, they must be prosecuted in a single prosecution [except as provided in OCGA § 16-1-7(c), which is not applicable here]. A second prosecution is barred under OCGA § 16-1-8 (b) (1) if it is for crimes which should have been brought in the first prosecution under OCGA § 16-1-7 (b). In order for this procedural aspect of double jeopardy to prohibit a prosecution, all three prongs must be satisfied. A defendant who asserts a plea in bar pursuant to OCGA §§ 16-1-7 and 16-1-8 bears the burden of affirmatively showing that the prosecuting attorney . . . who handled the first prosecution had actual knowledge of the facts supporting the charge allegedly subject to a plea in bar.[6]

Thus, in this case, "the vital question . . . pertains to the [city] prosecuting officer's knowledge of all the charges on the date when the defendant's guilty plea was accepted to fewer than all the crimes arising from his conduct."[7]

---

[6] (Footnotes and punctuation omitted.) *Nicely v. State*, 305 Ga. App. 387, 388 (1) (699 SE2d 774) (2010).

[7] (Punctuation omitted.) *State v. Hill*, 333 Ga. App. 785, 787 (777 SE2d 265) (2015). See also *Holt v. State*, 339 Ga. App. 230, 235-36 (2) (793 SE2d 516) (2016) (physical precedent only) ("Once [the first] prosecutor reads an arrest report and therefore is familiar with a defendant's alleged conduct, the prosecutor is charged with knowledge of the crimes that arise from that alleged conduct."), citing *Billups v. State*, 228 Ga. App. 804, 808 (1) (493 SE2d 8) (1997) ("As an expert in the law[, a prosecutor] cannot be heard to say she did not know of the 'several crimes' arising from [the] conduct [described in the police report].").

5

Here, Massengille called the prosecuting attorney for the city to testify about the guilty plea he took from Massengille in the first criminal proceeding. The attorney, who was in private practice and served as an associate solicitor as part of his firm's representation of the city, testified that he lacked specific memory of the case and could not recall whether he had actual knowledge of facts or charges beyond what was in the citations he resolved with Massengille's guilty plea. During the examination, the attorney speculated about whether, in his normal process, he would have encountered a police report that would have indicated other charges,[8] but he ultimately testified that he could not say whether he had actual knowledge of any offenses beyond the citations he prosecuted. Based on the attorney's testimony, the superior court made an explicit finding that Massengille did not meet his burden to show that the city attorney had actual knowledge of all the facts supporting the superior court charges, and we discern no clear error.[9] It was for the superior court to

---

[8] He stated that sometimes he would receive citations without a police report, particularly in a guilty plea situation.

[9] See *Jenkins v. State*, 294 Ga. 506, 508 (1) (755 SE2d 138) (2014) (When evaluating a plea in bar, appellate courts "assess the factual findings of the trial court under the standard of clear error. . . .").

weigh the attorney's testimony and resolve any inconsistencies in it.[10] Accordingly,

Massengille's challenge demonstrates no basis for reversal.

*Judgment affirmed. McFadden, C. J., and Hodges, J., concur*.

---

[10] See id.