# Court of Appeals
# of the State of Georgia

ATLANTA,　October 22, 2020

*The Court of Appeals hereby passes the following order:*

**A21A0456. DEERICK JACQUAVIUS SCOTT[1] v. THE STATE.**

A grand jury indicted Deerick Scott for one count each of malice murder and attempted armed robbery, two counts each of felony murder and aggravated assault, and eight counts of violating the Georgia Street Gang Terrorism and Prevention Act ("GSGTPA"). A jury found Scott guilty of one count each of attempted armed robbery and aggravated assault and not guilty of malice murder, the second aggravated assault charge, and the GSGTPA charges. The jury was unable to reach a verdict on the felony murder charges, and the trial court declared a mistrial as to those charges. The record on appeal contains no indication that those charges have been dismissed or nolle prossed. After the trial court sentenced Scott on the attempted armed robbery and aggravated assault convictions, Scott filed a motion for a new trial, which the trial court denied. Scott then filed a notice of appeal directed to this Court. We lack jurisdiction.

The Supreme Court has appellate jurisdiction over "[a]ll cases in which a sentence of death was imposed or could be imposed." Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (8). A penalty of death may be imposed for the crime of felony murder. See OCGA § 16-5-1 (c), (e) (1). "[A] mistrial is not a final judgment or decision from which appeal will lie, as the cause of action is still pending in the trial court." *Reedman v. State*, 265 Ga. App. 162, 166 (8) (593 SE2d 46) (2003) (punctuation omitted) (holding that a prior appeal by the defendant arising out of the same prosecution and following convictions on two of three charges, but the grant of

---

[1] Scott's middle name also is spelled "Jaquavius" in the record.

a mistrial on the third charge, did not act as a supersedeas that deprived the trial court of jurisdiction to retry the defendant on the third charge because, given the mistrial on that charge, "there was no judgment of conviction to appeal"); see also *McCuen v. State*, 191 Ga. App. 645, 646 (382 SE2d 422) (1989); *Nickles v. State*, 86 Ga. App. 284, 284 (1) & (3) (71 SE2d 574) (1952). Thus, "[b]ecause the [felony] murder count[s] of the indictment remain[] pending below, jurisdiction of this appeal lies in [the Supreme] Court." *Langlands v. State*, 280 Ga. 799, 799 (1) (633 SE2d 537) (2006); accord *State v. Thornton*, 253 Ga. 524, 524 (1) (322 SE2d 711) (1984) (directing this Court to transfer "all cases in which either a sentence of death or of life imprisonment has been imposed upon conviction of murder, and all pre-conviction appeals in murder cases"), overruled in part on other grounds as recognized in *Elliott v. State*, 305 Ga. 179, 205 (III) (C) (i) (824 SE2d 265) (2019). Accordingly, this appeal is hereby TRANSFERRED to the Supreme Court.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* 10/22/2020

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*