**Gary BROWN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–3186.**

Court of Appeals of Alaska.

Dec. 28, 1990.

Gary Brown, Fairbanks, pro se.

Nancy R. Simel, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS, J., and ANDREWS, District Court Judge.*

OPINION

ANDREWS, District Court Judge.

Gary Brown was convicted by a jury of first-degree murder, tampering with physical evidence, and misconduct involving a controlled substance (cocaine).

Brown filed a motion for a new trial claiming, *inter alia*, ineffective assistance of counsel based on his attorney's failure to call an alibi witness named Harris. The

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

court found that counsel made a sound tactical decision in failing to call Harris.

Brown next appealed his conviction claiming, *inter alia*, that he received ineffective assistance of counsel because his counsel a) failed to move to suppress glass fragments taken from Brown's car; b) failed to object to the admission into evidence of Brown's leather vest; and c) failed to introduce a videotaped interview of Harris. This court denied relief in *Brown v. State*, Memorandum Opinion and Judgment No. 1318 (Alaska App., February 4, 1987).

Thereafter, Brown petitioned for post-conviction relief again claiming that his attorney was ineffective for failing to object to the admission of the leather vest because it had been contaminated, and for failing to challenge the validity of the search warrant. He also claimed Harris refused to testify because both the troopers and his trial attorney had intimidated Harris.

The state opposed the petition on the grounds that Brown had already litigated his claims in his direct appeal. Alternatively, the state urged dismissal of the petition on the ground that Brown had not made out a *prima facie* case.

The trial court gave preliminary notice of its intent to dismiss the petition, but scheduled a hearing to determine if Brown had presented a *prima facie* case for relief on the three claims. The court found that the seizure issue had been previously litigated and *res judicata* applied. With respect to Harris, the court found that Brown did not set out a *prima facie* case, but allowed Brown to supplement his application with an affidavit from Harris attesting to the exculpatory evidence. The court also allowed Brown to supplement the record on the vest issue.

The trial court then held a second hearing to redetermine if a *prima facie* case had been presented after the record had been supplemented. At this hearing, the court ordered an evidentiary hearing on the limited issue of Harris' testimony, but dismissed the vest issue.

After the evidentiary hearing, the court concluded that Harris had not been threatened by the troopers during the interview, and that Harris testified falsely when he said the troopers had threatened him with a gun. The court also found that although Harris had initially cooperated with Brown's attorney, his attitude subsequently changed. The court further found that Harris' change of heart was due to his reluctance to perjure himself for Brown's sake. The court concluded that Brown's attorney had made a reasonable tactical decision not to call Harris at trial and had given effective assistance.

■ The trial court's denial of post-conviction relief is reviewed for an abuse of discretion. *Hensel v. State*, 604 P.2d 222, 235 & n. 55 (Alaska 1979). We find no abuse of discretion and affirm the trial court's decision.

Brown's petition for post-conviction relief is essentially based on a claim of ineffective assistance of counsel. He claims that his counsel was ineffective for failing to object to the admissibility of the leather vest, for failing to challenge the validity of a search warrant, and for failing to call Harris, his alibi witness. The details of these claims are more fully set out in our prior decision in *Brown v. State*, Memorandum Opinion and Judgment No. 1318 (Alaska App., February 4, 1987).

Brown admits that he raised this issue on direct appeal, but claims that *res judicata* does not apply in post-conviction relief hearings.

The state responds that relitigation is barred by the doctrines of collateral estoppel or *res judicata*. In the alternative, the state argues that the claim should have been dismissed because Brown failed to establish a *prima facie* case for relief.

■ In determining whether collateral estoppel or *res judicata* applies in post-conviction relief proceedings, we rely on the plain language of Alaska Rule of Criminal Procedure 35.1(h), which provides in part:

Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or

in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

We conclude that where a party thoroughly litigates an issue and has his or her appeal resolved on the merits, the trial court can dismiss the claim.

This interpretation of the rule comports with the ABA Standards concerning the effect of the finality of judgments on post-conviction remedies. *ABA Standards for Criminal Justice* § 22–6.1, at 22–62 (2d ed. 1986). The standard states:

> (a) Any issue that has been fully and finally litigated in the proceedings leading to the judgment of conviction should not be relitigated in postconviction proceedings.
>
> (i) An issue should be deemed fully and finally litigated when the highest court of the state to which a defendant could appeal as of right has ruled on the merits of the question.

This approach also comports with the Uniform Post–Conviction Procedure Act of 1980 which revised the 1966 act from which Alaska's rule is copied. 11 ULA 477, § 8 at 528 (1974). The 1980 Rule provides in section 12:

> (a) An application for post-conviction relief may be denied on the ground that

the same claim or claims were fully and finally determined in a previous proceeding. 11 ULA § 12, at 250 (1974 & Supp. 1987).

■ The trial court found that the issue of the plain view seizure of the glass fragments [1] and contamination of the leather vest had been previously litigated in the trial court and the court of appeals. The trial court further determined that the defendant had failed to make a *prima facie* case on the question of the contamination of the leather vest.[2] The trial court's finding is supported by the record. We find the trial court did not abuse its discretion in dismissing Brown's petition as to these issues.

■ The third component of Brown's ineffective assistance claim in his petition is based on trial counsel's failure to call William Harris, Brown's only alibi witness. Brown claimed that Harris did not testify at his trial because the troopers threatened him with a gun and trial counsel did not make a serious effort to secure Harris' attendance at Brown's trial.

As to this issue, the trial judge held an evidentiary hearing. Harris, trial counsel, and the defense investigator testified. The trial court had the opportunity to evaluate the credibility of the witnesses.

Harris' credibility was tested and found to be lacking. He testified that the troopers put a gun to his head. The video of the interview with the trooper did not show

---

1. Brown claims that his trial attorney failed to review Trooper McCann's testimony at the search warrant hearing before he made his decision not to move to suppress. Brown claims this is a "new fact." The record does not support Brown's claim. It is silent on the question of whether the testimony at the search warrant application was reviewed by trial counsel. However, this "new fact", even if true, would not require this court to reconsider the issue. This court already found that the trial court did not abuse its discretion in finding that trial counsel made a reasonable tactical decision not to move to suppress the glass fragments based on counsel's reading of the grand jury testimony and the police reports. *Brown,* MO & J No. 1318 at 3. Brown points to nothing in the search warrant testimony that was inconsistent with the trooper's grand jury testimony.

2. Brown claims that he should not be denied the right to litigate this issue, arguing that his inability to make a *prima facie* case was due to the fact that the state destroyed all the tags and evidence logs. Brown claims that the vest was crucial to the state's case because the microscopic pieces of glass the state retrieved from the vest were shown to be the same as the glass found at the murder scene. However, Brown points to no evidence which rebuts the presumption that trial counsel had a reasonable tactical basis for not objecting to the introduction of the vest. *State v. Jones,* 759 P.2d 558, 570 (Alaska App.1988). Nor does Brown explain how he was prejudiced either by the failure to independently test the vest for additional glass fragments or by the admission of the vest itself. *Risher v. State,* 523 P.2d 421 (Alaska 1974).

this. Brown's attorney at the evidentiary hearing even conceded that Harris was mistaken and declined to have another trooper testify about the interview.[3] The trial court also determined that Brown's trial counsel made a competent tactical decision not to call Harris because of his probable lack of credibility as a witness.

In sum, we find that the trial judge did not abuse his discretion when he found that the search warrant had been fully litigated on direct appeal, and that Brown failed to set out a *prima facie* case that counsel was ineffective by failing to object to the admission of the leather vest and showing that it was contaminated. Additionally, we find that the trial court did not err when it found that Harris' testimony was not credible and that Brown's trial attorney had a sound tactical reason for not calling Harris at trial.

The superior court's denial of post-conviction relief is AFFIRMED.

---

3. Brown argues that the court was clearly erroneous in finding that Harris was not credible and lied about the trooper pulling a gun on him during the interview. Brown thinks the jury should have been allowed to assess Harris' credibility. However, in post-trial hearings, the judge evaluates the credibility of witnesses. *See Stiegele v. State,* 714 P.2d 356, 360 (Alaska App. 1986).