**Andrew J. TALL, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–7566.**

Court of Appeals of Alaska.

May 11, 2001.

Rehearing Denied June 29, 2001.

---

Gayle J. Brown, Anchorage, for Appellant.

John A. Scukanec, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

STEWART, Judge.

A jury convicted Andrew J. Tall on two counts of first-degree sexual assault.[1] We affirmed Tall's conviction on direct appeal and remanded the case to the superior court for further explanation of the sentence.[2] Following remand, we affirmed the sentence imposed by the superior court.[3] In July 1998, Tall filed an application for post-conviction relief. The superior court appointed an attorney for Tall and by December 1998, Tall's attorney had filed her entry of appearance. In May 1999, Tall's attorney filed an affidavit stating that she had reviewed Tall's application and would proceed on the grounds alleged in the application. In July 1999, the State filed a motion to dismiss, alleging that Tall's application did not state a prima facie case for relief. Tall opposed the State's motion. In October 1999, Superior Court Judge Peter A. Michalski granted the State's motion. Tall moved for reconsideration. Judge Michalski invited a response from the State, and ultimately denied reconsideration.

Tall argues that Judge Michalski erred because he did not give notice that he intended to grant the State's motion to dismiss. Tall claims that under *State v. Jones,*[4] the superior court must give notice of its intent to dismiss the application and allow the applicant sufficient time to amend or supplement the application if the court determines that the applicant has not stated a prima facie case for post-conviction relief.[5]

*Jones* was decided before Criminal Rule 35.1 was amended in 1995.[6] The State argues that the current version of the rule does not require advance notice if the trial court dismisses an application in response to the State's motion for summary disposition of the application.[7] We believe that the change in the rules is irrelevant because, under the facts of cases such as this one, no advance notice of dismissal is required even under the former version of the rule.

The former version of Alaska Criminal Rule 35.1(f)(2) and (3) addressed summary disposition of post-conviction relief applications. Former subparagraph (f)(2) provided:

> When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or direct that the proceedings otherwise continue. Disposition on the pleadings and record shall not be made when a material issue of fact exists.

This paragraph called for advance notice of the court's proposed dismissal of a post-conviction relief application. In *Hampton v. Huston,*[8] we interpreted this provision to be mandatory. We held:

> Where the [trial] court elects to consider a [Rule 35] petition summarily, it must give advance warning of its decision to the parties in a written order spelling out in some detail its reasons for concluding that the petition warrants summary disposition. Specifically, the applicant must be given an opportunity to reply to the proposed dismissal before it becomes final. The applicant cannot be expected to reply unless he knows the court's reasons for its prospective decision.[9]

1. AS 11.41.410(a)(1).

2. *See Tall v. State,* Memorandum Opinion & Judgment No. 3665 (Alaska App., September 24, 1997).

3. *See Tall v. State,* Memorandum Opinion & Judgment No. 4020 (Alaska App., March 24, 1999).

4. 759 P.2d 558 (Alaska App.1988).

5. *See id.* at 565.

6. Ch. 79, §§ 32–39, SLA 1995.

7. *See* Alaska R.Crim. P. 35.1(f)(2)-(3).

8. 653 P.2d 1058 (Alaska App.1982).

9. *Id.* at 1060.

In *Wood v. Endell*,[10] we reached the same conclusion when we rejected the argument that advance notice of dismissal was unnecessary if the application failed to set forth a prima facie case of ineffective assistance.[11]

As we recognized in *Hampton*, however, former Rule 35.1(f) provided two alternate methods for summary disposition of an application: disposition upon motion by a party or sua sponte determination.[12] Both *Hampton* and *Wood* addressed cases where the trial court acted on its own initiative ordering summary dismissal of the application. This is the situation addressed in subparagraph (f)(2) of former Criminal Rule 35.1.

Neither *Hampton* nor *Wood* considered summary disposition upon motion by a party, a circumstance addressed in subparagraph (f)(3), which was unchanged by the 1995 amendments to the rule:

> The court may grant a motion by either party for summary disposition of the application when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

█ In contrast to subparagraph (f)(2), subparagraph (f)(3) omits reference to advance notice of dismissal. This appears to be an intentional omission. As indicated by the above-quoted passage from *Hampton*, advance warning of dismissal prevents surprise, permits a response to the proposed dismissal, and allows an applicant the opportunity to amend or supplement the application. When the State moves for summary disposition of a post-conviction relief application, the State must give a "written statement of the rea-

sons in support of the motion" and a "memorandum of the legal points and authorities upon which the [State] will rely."[13] Thus, the applicant receives both clear notice that dismissal has been proposed and a statement of reasons for the proposed dismissal. The applicant's right to respond to the motion provides an opportunity to reply or file amended or supplemental pleadings. If the court, under these circumstances, dismisses the application for the reasons proposed by the State, the applicant cannot claim surprise or lack of opportunity to cure defects in the original application.

Former Criminal Rule 35.1 derives from the Uniform Post–Conviction Procedure Act of 1966.[14] Subparagraphs (f)(2) and (f)(3) of the former rule track almost verbatim the language of the Uniform Act, § 6(b) and (c).[15] In Idaho, where the 1966 Uniform Act was also adopted, the Idaho Supreme Court, in *State v. Christensen*,[16] interpreted the notice requirement to "govern[ ] only those situations where the trial court on its own initiative determines to dismiss the [application]."[17] In reaching this conclusion, the court reasoned that, when dismissal is based on a motion by the State, "the motion itself serves as notice that summary dismissal is being sought."[18]

We find *Christensen* persuasive and decline to read Criminal Rule 35.1(f)(3) to require advance notice by the court of its intent to dismiss a post-conviction relief application when the court grants a dismissal in response to a motion by the State and for the reasons advanced in that motion.

█ Here, the State moved to dismiss Tall's application. Tall had a full and fair opportunity to respond (and did so), and the

---

10. 702 P.2d 248 (Alaska App.1985).

11. *See id.* at 249 (noting that advance notice of the court's summary disposition was necessary to allow the applicant to cure any defect).

12. *See Hampton*, 653 P.2d at 1060.

13. Alaska R.Crim. P. 42(b)(2).

14. *See Brown v. State*, 803 P.2d 887, 889 (Alaska App.1990).

15. *See* 11A U.L.A. 267, 344 (1995).

16. 102 Idaho 487, 632 P.2d 676 (1981).

17. *Id.* at 677.

18. *Id.; but cf. Baruth v. Gardner*, 110 Idaho 156, 715 P.2d 369, 371–72 (App.1986) (applying *Christensen* but indicating that a court must still give advance notice "if the dismissal is based on grounds different from those presented in the motion for dismissal").

court ordered dismissal for the reasons advanced by the State. Under these circumstances, the superior court had no obligation to provide Tall with additional notice of its intent to dismiss.

We now turn to an evaluation of the substance of Tall's claims. Tall argues that the superior court erred by dismissing his claim that he received ineffective assistance of counsel. Tall argues that he was denied effective assistance of counsel because his trial attorney presented a defense that had no scientific basis. He claims that his only viable defense to the charges of first-degree sexual assault was consent, given that the victim's DNA was found on him.

■ In *Risher v. State*,[19] the Alaska Supreme Court adopted a two-prong test for evaluating claims of ineffective assistance of counsel.[20] First, the defendant must show that his counsel's performance fell below the "range of competence displayed by one of ordinary training and skill in the criminal law."[21] Second, the defendant must show that this incompetence had an adverse impact on the case that contributed to the defendant's conviction.[22] The defendant has the burden of proving his counsel's lack of competence by clear and convincing evidence.[23] This includes the burden to rebut the strong presumption that the trial attorney's actions were the product of "sound tactical considerations."[24] Once the trial attorney's incompetence has been established, and an actual impact on the case has been shown, the defendant need only create a reasonable doubt that the attorney's incompetence contributed to his conviction.[25]

Tall asserts that his trial counsel's theory of the case was not viable, and his investigation of that theory inadequate, but he offers no affidavits or other evidence to rebut the presumption that the defense theory was based on sound tactical considerations.[26] All that Tall provided was an affidavit from his post-conviction relief attorney containing a hearsay declaration by his trial attorney authorizing his post-conviction relief attorney to state that "there were no errors that [the trial attorney] sees nor that raise to the level of a meritorious claim."

In *Peterson v. State*,[27] we stated as follows:

We have repeatedly held that a defendant asserting ineffective assistance of counsel must provide the court with an affidavit from the former attorney, addressing the various claims of ineffective representation, or must explain why such an affidavit can not be obtained.[28]

Tall did not provide an affidavit from his trial attorney, and the hearsay statement of his trial attorney contained in the affidavit provided by his post-conviction relief attorney did not address the tactical considerations underlying the trial attorney's defense. Because Tall did not provide an affidavit from his trial attorney or an explanation of why one could not be provided, his application did not establish a prima facie claim. Judge Michalski, therefore, did not abuse his discretion by dismissing this claim.

■ Tall next argues that the superior court erred in dismissing his claim that he had been denied his constitutional right to decide whether to testify in his own defense. A defendant's right to testify is "undeniably one of the most fundamental rights constitutionally secured to a person accused of committing a crime."[29] The decision whether to

19. 523 P.2d 421 (Alaska 1974).

20. *See id.* at 424–25.

21. *Id.* at 424.

22. *See Jones,* 759 P.2d at 573; *Risher,* 523 P.2d at 424–25.

23. *See* AS 12.72.040; Alaska R.Crim. P. 35.1(g).

24. *Jones,* 759 P.2d at 569.

25. *See Jones,* 759 P.2d at 573; *Risher,* 523 P.2d at 425;.

26. *See Condon v. State,* 498 P.2d 276, 285 (Alaska 1972) (noting the general rule that an attorney's choice of defense theory is not subject to a claim of denial of effective assistance of counsel).

27. 988 P.2d 109 (Alaska App.1999).

28. *Id.* at 113 (citing *Steffensen v. State,* 837 P.2d 1123, 1126–27 (Alaska App.1992) and *Jones,* 759 P.2d at 570).

29. *Knix v. State,* 922 P.2d 913, 918 (Alaska App. 1996).

testify lies with the defendant, not the defendant's attorney.[30]  Under *LaVigne v. State,*[31] and Criminal Rule 27.1, before the defense rests without presenting the defendant's testimony, the trial judge must make sure that the defendant understands that the choice whether or not to testify rests with the defendant, not with trial counsel, and must inquire whether the defendant voluntarily has waived that right.[32]

The parties do not dispute that Judge Michalski conducted this *LaVigne* inquiry.  As Tall points out, he stated several times that he declined to testify on his attorney's advice.  But Judge Michalski went on to ensure that Tall understood that the decision was his alone and to inquire whether his decision was voluntary:

> *The Court:*  Is the—is your choice one that you make of your own free will?

> *Tall:*  Under the advice of my attorney, yes.

> *The Court:*  Yes, but you understand that it's your choice?

> *Tall:*  Yes, your Honor.

> *The Court:*  It's the wise man who listens to his attorney, but on the other hand, it is your choice.

> *Tall:*  Yes, your Honor.

> *The Court:*  Yeah. There's an old saying about if—you know, a person who represents themselves has a fool for a client, but, you know, you have to decide that. It's not something that your attorney decides for you.  The rec—they make recom-

mendations.   Are you satisfied with your decision?

> *Tall:*  Yes, your Honor, I am.

In *Mute v. State,*[33] the defendant asserted that, even though he waived his right to testify at trial, his decision was not truly voluntary because it was motivated by his mistrust of his attorney and was the product of an irreparable breakdown in the attorney-client relationship.[34]  This court held that a defendant's reasons for declining to testify "are not proper concerns under *LaVigne.*"[35] The critical inquiry is whether the defendant understood that he had the legal right to decide whether to testify.[36]

The record before us establishes that the superior court conducted the inquiry required by *LaVigne* and Criminal Rule 27.1. Tall does not assert that he did not understand that he had this right;  nor does the record support a conclusion that his decision not to testify was involuntary.  Accordingly, Judge Michalski did not abuse his discretion by dismissing this claim.

*Conclusion*

The judgment of the superior court is AFFIRMED.

**30.**  *See LaVigne v. State,* 812 P.2d 217, 219 (Alaska 1991).

**31.**  812 P.2d 217.

**32.**  *See Mute v. State,* 954 P.2d 1384, 1386 (Alaska App.1998).

**33.**  954 P.2d 1384.

**34.**  *See id.* at 1386.

**35.**  *Id.* at 1388.

**36.**  *See id.*