Marshall R. HOWELL, Appellant/Cross–
Appellee,

v.

STATE of Alaska, Appellee/Cross–
Appellant.

Nos. A–8556, A–8575.

Court of Appeals of Alaska.

July 1, 2005.

Howell appeals, claiming that the superior court should have suppressed the evidence on the ground that the police conducted an unlawful stop, that the superior court gave an erroneous "operating a motor vehicle" jury instruction, that the superior court imposed an excessive sentence, and that the probation imposed as part of that sentence should be vacated. The State cross-appeals, claiming that the superior court erred when it entered a judgment of acquittal on the felony charge after ruling that the evidence of Powell's prior drunk driving convictions was insufficient to allow the felony charge to go to the jury. The State agrees with Howell that the probation imposed should be vacated. For the reasons set out below, we vacate the probation imposed as part of Howell's sentence, and we affirm the other decisions of the superior court with the exception of the court's decision to grant a judgment of acquittal. We do not reach the merits of that ruling because the double jeopardy clause bars the State from challenging that ruling.

David D. Reineke, Assistant Public Defender, and Barbara K. Brink, Public Defender, Anchorage, for the Appellant/Cross–Appellee.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Gregg D. Renkes, Attorney General, Juneau, for the Appellee/Cross–Appellant.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

STEWART, Judge.

Following a jury trial, Marshall R. Howell was convicted of misdemeanor driving while under the influence.[1] The grand jury had indicted Howell for felony driving while under the influence,[2] but the superior court entered a judgment of acquittal on the felony charge.

### Facts and proceedings

Anchorage Police Officer Steven Busby contacted Howell when he saw Howell's vehicle parked in the early morning hours near a business in Anchorage. Howell claimed that Busby's contact was unlawful, and moved to suppress the evidence. Superior Court Judge Michael L. Wolverton held an evidentiary hearing at which Officer Busby testified.

According to Busby, at approximately three in the morning on May 31, 2002, he saw a vehicle in the parking lot of Alaska Laser Car Wash at East Fifth Avenue near Orca Street. The driver was "hunched over" the steering wheel with a coat over his head. There were no other vehicles in the parking lot, and Busby testified that it was unusual for a vehicle to be parked there at that time of morning. Because he thought it was possible that the person hunched over the steering wheel had a medical problem, Busby

---

1. AS 28.35.030.

2. AS 28.35.030(n).

approached the occupant to make sure that he was okay.

Busby knocked on the driver's side window several times. Busby could see that the vehicle's dashboard and stereo lights were on, although he could not recall if the vehicle's engine was running. The driver, Howell, removed the coat from his head, looked at Busby, then again covered his head with the coat. Busby continued to knock on the window. Howell eventually removed the coat from his head, then turned off the vehicle's ignition switch. Howell attempted to roll down the window, but, because it was an electric window, he could not. Howell then turned the ignition back on and rolled down the window.

In response to Busby's questions, Howell told Busby that he had been drinking soda and that he was sitting in his vehicle listening to music because he was tired. He admitted that he drank four beers about nine hours earlier. But he also said that a friend had driven him to the parking lot, and that he (Howell) had been parked there all day.

Busby noticed that Howell's eyes were red, his pupils dilated, and that he had difficulty focusing on the conversation. Busby asked Howell for his driver's license, and Howell gave Busby an Oregon state identification card. Busby had Howell get out of his vehicle for field sobriety tests, which Howell failed.

Busby arrested Howell for driving while under the influence and for driving while his license was revoked. Busby took Howell to the Fifth Avenue police substation where a chemical test showed that Howell's breath alcohol content was .114 percent.

Judge Wolverton denied Howell's motion to suppress. He ruled that based on the circumstances described by Busby, Busby had acted lawfully when he contacted Howell to inquire about his welfare. Later, Howell sought reconsideration based on new evidence. After Judge Wolverton reviewed the new evidence—an audiotape recorded during Busby's contact with Howell—he affirmed his earlier decision.

Because Howell had prior drunk driving convictions from Oregon, the State charged him with felony driving while under the influence. However, because of apparent deficiencies in the State's proof of these prior convictions at trial, Judge Stephanie E. Joannides granted a motion for judgment of acquittal on the felony charge before evidence of those prior convictions went to the jury. The jury found that the State had proven that Howell was driving while under the influence, and he was convicted of the misdemeanor offense.

However, for purposes of sentencing, the prosecutor showed that Howell's conviction in this case was (at least) Howell's fourth driving while under the influence conviction, and that it was his third conviction within the past five to six years. Although Judge Joannides did not make a "worst offender" finding, she sentenced Howell to 365 days to serve, the maximum term. She also imposed a $5,000 fine and placed Howell on probation for 10 years.

Howell appeals, challenging Judge Wolverton's suppression decision, one of the jury instructions, and the length of the sentence. The State cross-appeals, challenging Judge Joannides's ruling that there was insufficient evidence of Howell's prior drunk driving convictions for that evidence to go to the jury.

*Discussion*

*Was the police contact with Howell unlawful?*

■ Howell claims that under *Coleman v. State*,[3] Busby conducted an unlawful investigatory stop when he contacted him, and that Judge Wolverton therefore erred in denying his motion to suppress.

Judge Wolverton found that Busby was authorized to check on Howell's welfare because he was sitting in his vehicle slumped over the steering wheel with a coat over his head. Based on our review of the record, we uphold Judge Wolverton's ruling that Busby's contact with Howell was authorized under the community caretaker doctrine. In

3. 553 P.2d 40 (Alaska 1976).

*Ozhuwan v. State,*[4] we recognized that a police officer's community caretaker responsibilities can justify a Fourth Amendment stop.[5] In *Ozhuwan,* the police officer had no specific information to justify his suspicion that the occupants of Ozhuwan's vehicle needed assistance.[6] Rather, all the police saw was a vehicle parked in an area where the police knew that minors often consumed alcohol. Here, Busby saw a person with a coat over his head slumped over the steering wheel of a vehicle parked in a parking lot that was normally deserted at that time of morning.

Busby testified that he thought the driver might have a medical problem, or some other problem, and that he felt it was necessary to contact the occupant to make sure he was okay. Although Busby drove over to the vehicle, nothing in the record indicates that he turned on his vehicle's emergency lights, or used a spot light, or parked his vehicle in a manner that blocked Howell's vehicle from leaving. In addition, Judge Wolverton could reasonably find that Busby's "welfare check" was not complete when Howell initially looked at Busby, then re-covered his head with his coat, because this conduct did not demonstrate that Howell was not in need of aid.

■ We review a denial of a motion to suppress in the light most favorable to upholding the trial court's ruling.[7] Viewing the record in this light, we conclude that Judge Wolverton did not clearly err in finding that this was a welfare stop. During this lawful contact, Busby observed signs that Howell was intoxicated. Therefore, we uphold Judge Wolverton's ruling denying Howell's motion to suppress.

*Did the court's "operating" instruction improperly direct the jury verdict?*

■ Howell next claims the court's "operating" jury instruction "directed the jury to find [him] guilty if the jury found that his conduct was substantially similar to the three examples set forth in the instruction." He argues that the jury should have been instructed that the fact patterns "were examples of situations where a jury *could,* but did not *have to,* find operating." [8]

The jury instruction the court gave in this case is similar to the criminal pattern instruction,[9] which sets out examples from prior cases illustrating circumstances in which defendants were found to be "operating" a motor vehicle.[10] One of those examples, derived from *State, Department of Public Safety v. Conley,*[11] described a circumstance similar to this case: Conley was sitting in the driver's seat and capable of starting the engine, but the engine was not running and the vehicle was not moving.[12]

Despite this similarity, the instruction in Howell's case did not direct the jury to find that Howell, like Conley, had been operating his vehicle. Instead, it told the jury that "whether the defendant was operating a motor vehicle is a question that you must decide." We conclude that Judge Joannides did not abuse her discretion when she gave this instruction.

*Can the State appeal Judge Joannides's evidentiary ruling?*

■ The State challenges Judge Joannides's exclusion of the prosecutor's evidence of Howell's Oregon convictions, and her entry of a judgment of acquittal on the felony driving while under the influence charge.

**4.** 786 P.2d 918 (Alaska App.1990).

**5.** *Id.* at 922; *see also Rogers–Dwight v. State,* 899 P.2d 1389, 1391 (Alaska App.1995); *Crauthers v. State,* 727 P.2d 9, 11 (Alaska App.1986).

**6.** 786 P.2d at 922.

**7.** *State v. Joubert,* 20 P.3d 1115, 1118 (Alaska 2001).

**8.** Emphasis in original.

**9.** *See* Alaska Criminal Pattern Jury Instruction 28.35.030(a)-Operating (1999).

**10.** *See State Dep't of Public Safety v. Conley,* 754 P.2d 232 (Alaska 1988); *Williams v. State,* 884 P.2d 167 (Alaska App.1994), *abrogated on other grounds in State v. Coon,* 974 P.2d 386 (Alaska 1999); *Lathan v. State,* 707 P.2d 941 (Alaska App.1985).

**11.** 754 P.2d 232.

**12.** *Id.* at 236.

Although the government normally cannot appeal a judgment of acquittal, the State claims that procedurally Judge Joannides did not grant a judgment of acquittal. Alternatively, the State claims that even if she did, the State can re-try the felony charge because the "prior conviction" element of felony driving while under the influence is really no more than a "sentence enhancement."

We conclude that Judge Joannides did enter a judgment of acquittal. In *Anchorage v. Baxley*,[13] we reiterated the rule that "[i]n determining whether the trial court's ruling was a judgment of acquittal, the appellate court 'must determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged.' "[14] We also acknowledged that a "dismissal on legal grounds that [does] not require resolution of the factual elements of an offense ... does not amount to a judgment of acquittal, regardless of its timing or the label attached thereto."[15]

Here, Judge Joannides reviewed the prosecutor's offered evidence and ruled that even if this evidence was admitted, it would not prove that Howell had twice been convicted of offenses that had elements similar to AS 28.35.030, Alaska's drunk driving statute.

Judge Joannides found that if the prosecutor could not present sufficient evidence to prove that element, Howell was entitled to an acquittal on the felony charge. This is a "resolution, correct or not, of some ... of the factual elements of the offense charged."[16] Judge Joannides evaluated the prosecutor's evidence and "determined that it was legally insufficient to sustain a conviction."[17]

Although the State also argues that Judge Joannides should have allowed the prosecutor to present the evidence to the jury, we need not address this claim. Even if Judge Joannides erred and improvidently entered a judgment of acquittal, the judgment of acquittal must stand because it was based on a resolution of a factual element of the charge.[18] Because we cannot vacate the judgment of acquittal, we need not address Judge Joannides's evidentiary ruling.

*The State's double jeopardy argument*

■ The State claims that even if a judgment of acquittal was entered, federal double jeopardy law does not prevent the State from having another chance to prove the "prior conviction" element of felony driving while under the influence. The State bases its argument on *Monge v. California*,[19] where a divided United States Supreme Court found

---

**13.** 946 P.2d 894 (Alaska App.1997).

**14.** *Id.* at 898 (quoting *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 97 S.Ct. 1349, 1355, 51 L.Ed.2d 642 (1977)). *See also Smith v. Massachusetts*, —— U.S. ——, 125 S.Ct. 1129, 1134, 160 L.Ed.2d 914 (2005) ("what matters is that ... the judge evaluated the [government's] evidence and determined that it was legally insufficient to sustain a conviction.") (citation and quotation marks omitted); *State v. Thronsen*, 809 P.2d 941, 943 (Alaska App.1991) ("[W]e may not reverse a genuine verdict of acquittal on appeal without violating the constitutional provisions of the United States and the Alaska Constitutions which prohibit putting a defendant twice in jeopardy.... Where ... 'the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged,' the ruling constitutes a judgment of acquittal.") (internal citation removed).

**15.** *Baxley*, 946 P.2d at 898 (quoting *State v. Martushev*, 846 P.2d 144, 148 (Alaska App.1993)).

**16.** *Id.* Compare *Selman v. State*, 406 P.2d 181, 186 (Alaska 1965), *overruled on other grounds by*

*Whitton v. State*, 479 P.2d 302, 312 (Alaska 1970).

**17.** *See Smith*, 125 S.Ct. at 1135.

**18.** *See State v. Kott*, 636 P.2d 622, 623 (Alaska App.1981), *overruled on other grounds by Kott v. State*, 678 P.2d 386 (Alaska 1984) ("[G]enerally judgments of acquittal are not reviewable on appeal by the state. Both the state and federal constitutional prohibitions against placing a defendant twice in jeopardy insulate him from an appeal from a judgment of acquittal *however erroneous the trial judge's view of the facts or the law.*") (emphasis added and internal citation omitted); 5 Wayne R. LaFave, Jerold H. Israel, and Nancy J. King, *Criminal Procedure*, § 25.1(g) at 648 (2nd ed. 1999) ("If ... the judge grants a judgment of acquittal, double jeopardy bars a new trial even if it appears that the acquittal was based on an erroneous interpretation of the law."). *See also Martin Linen Supply Co.*, 430 U.S. at 571, 97 S.Ct. at 1354.

**19.** 524 U.S. 721, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998).

that the double jeopardy clause of the United States Constitution was not violated when, under the California "three strikes" law, a prosecutor was given a second chance to prove a "sentence enhancement" at a new sentencing proceeding.[20]

In *Monge*, the Supreme Court noted that historically it had found "double jeopardy protections inapplicable to sentencing proceedings ... because the determinations at issue do not place a defendant in jeopardy for an 'offense.' "[21] But the Supreme Court also explained that when an appellate court "overturns a conviction on the ground that the [prosecution] proffered insufficient evidence of guilt, that finding is comparable to an acquittal, and the Double Jeopardy Clause precludes a second trial."[22] According to the Supreme Court, the difference was that "the pronouncement of sentence simply does not have the qualities of constitutional finality that attend an acquittal."[23]

The State argues that the *Monge* decision applies to Howell's case because, under Alaska law, the "prior convictions" element of felony driving while under the influence is essentially a sentence-enhancing provision. This is incorrect. We have repeatedly and consistently held that when a defendant's prior convictions make the defendant subject to conviction for a higher degree of offense, those prior convictions are an element of the offense that must be proved beyond a reasonable doubt at trial.[24] In particular, *Ross v. State*[25] squarely holds that, in a prosecution for felony driving while under the influence under AS 28.35.030(n), the defendant's prior convictions are not a sentence-enhancement factor to be considered by the sentencing judge after the defendant is found guilty;

instead, the defendant's prior convictions are an element of the offense that must be proved to the jury at trial.[26]

▮ In Howell's case, the jury concluded that Howell had operated a motor vehicle while under the influence. Then, before the jury could reach a decision regarding Howell's prior convictions in the second portion of a bifurcated trial, Judge Joannides granted Howell a partial judgment of acquittal—effectively dismissing the felony charge, leaving the lesser offense of misdemeanor driving while under the influence—because she concluded that the State's proposed evidence was insufficient to establish the "prior convictions" element. Whether Judge Joannides was right or wrong, the double jeopardy clause bars the State from relitigating Howell's guilt of felony driving while under the influence. As the United States Supreme Court declared in *Burks v. United States*[27]: "The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceedings."[28]

*Was the sentence excessive?*

▮ Judge Joannides imposed a sentence of 365 days to serve with none suspended. This was the maximum term the court could impose for a class A misdemeanor. Howell claims that this sentence is excessive because Judge Joannides did not make a worst-offender finding, and because the record would not support such a finding.

▮ Generally, a maximum sentence cannot be imposed "without some foundation

**20.** *Id.* at 728–29, 118 S.Ct. at 2250–51.

**21.** *Id.* at 728, 118 S.Ct. at 2250.

**22.** *Id.* at 729, 118 S.Ct. at 2251.

**23.** *Id.* (citations and internal quotation marks omitted).

**24.** *See Tallent v. State*, 951 P.2d 857, 861 (Alaska App.1997) (holding that a defendant's prior theft convictions are an element of second-degree theft under AS 11.46.130(a)(6)); *Morgan v. State*, 661 P.2d 1102, 1103 (Alaska App.1983) (holding that a defendant's prior conviction for bootlegging is

an element of felony bootlegging under AS 04.16.200(b)); *see also Mead v. State*, 445 P.2d 229, 234 (Alaska 1968) (holding that a defendant's prior felony conviction is an element of the offense of felon in possession of concealable firearm).

**25.** 950 P.2d 587 (Alaska App.1997).

**26.** *Id.* at 590–91.

**27.** 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

**28.** *Id.* at 11, 98 S.Ct. at 2147.

for characterizing a defendant as the worst type of offender." [29] A worst-offender finding may be based on the facts and circumstances surrounding the offense, the defendant's criminal history, or both.[30]

Although the State concedes that Judge Joannides made no explicit worst-offender finding, the State contends that Howell's sentence is not excessive. The State points out that an express worst-offender finding is not required when the trial court implicitly found that the defendant was a worst offender.[31] The State also argues that when the trial court finds that the defendant actually committed a more serious offense, that finding will support a worst-offender finding and justify a maximum sentence.[32]

Here, the sentencing record shows that Judge Joannides was aware that Howell had at least three prior convictions for driving while under the influence. Because two of those convictions had occurred after 1996, he had in fact committed the more serious offense of felony driving while under the influence even though Judge Joannides had ruled that the State had not presented sufficient evidence to prove that element at trial. At sentencing, the State claimed that it had learned that Howell had an additional prior driving while under the influence conviction from Pennsylvania. Because Howell did not concede this prior conviction, the State requested a continuance to prove the prior conviction. But Howell's attorney pointed out that he had been in custody pending trial for so long that Howell was "willing to take a flat sentence of whatever length the court wants to impose." Judge Joannides proceeded with sentencing without resolving whether Howell had a prior driving while under the influence conviction in Pennsylvania.

We have reviewed Judge Joannides's sentencing comments. Although it is possible that she concluded that Howell was a worst offender, we are not able to say that her sentencing remarks reflect that finding. Ordinarily, we would remand the case for additional findings on that question, or vacate Howell's sentence and remand for re-sentencing. However, we conclude that the issue is moot in this case because Howell has already served a 365–day sentence. Thus, a reduction of the sentence specified in his written judgment would not help him.

Finally, both the State and Howell agree that Judge Joannides erred when she imposed a probationary period because no part of Howell's sentence or fine was suspended. Both parties acknowledge that the probationary period should be vacated. We agree.

In *Kelly v. State*,[33] we explained that "[w]hen a court sentences a defendant to serve a probationary period, the court must suspend a portion of the sentence or else the probationary term is meaningless." [34] Here, no portion of Howell's sentence, either the imprisonment or the fine, was suspended. Therefore, no probationary term could be imposed.

*Conclusion*

Howell's probation is VACATED. The judgment of the superior court is AFFIRMED.

---

29. *State v. Wortham,* 537 P.2d 1117, 1120 (Alaska 1975).

30. *Id.; Napayonak v. State,* 793 P.2d 1059–62 (Alaska App.1990).

31. *See Napayonak,* 793 P.2d at 1062.

32. *See Fee v. State,* 656 P.2d 1202, 1204 (Alaska App.1982).

33. 842 P.2d 612 (Alaska App.1992).

34. *Id.* at 613.