**James E. BUSH, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–9535.**

Court of Appeals of Alaska.

May 18, 2007.

---

Stephanie D. Patel, Law Office of Dan Allan, Anchorage, for the Appellant.

Blair M. Christensen, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and David W. Márquez, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

STEWART, Judge.

This appeal raises the question of whether the State may retry a defendant whose conviction is set aside based on a denial of the right to counsel.

James E. Bush was charged with felony driving while under the influence and felony refusal to submit to a breath test. The offenses were charged as felonies because Bush was a repeat offender—that is, he had two prior convictions for driving while intoxicated within the previous ten years.

While these felony charges were pending, Bush filed an application for post-conviction relief, asking the superior court to set aside one of his prior convictions because he had not waived his right to counsel when he entered his plea in that earlier case. Bush argued that his conviction should be set aside with prejudice—that is, without any opportunity for the State to retry him—because a retrial would violate his rights to due process and speedy trial and put him in jeopardy twice for the same offense.

The superior court agreed that Bush had been denied his right to counsel and set aside his conviction. However, the court ruled that the State could retry Bush for the offense.

Bush appeals the superior court's ruling that the State is entitled to retry him. For the reasons discussed below, we affirm the decision of the superior court.

*Facts and proceedings*

On August 29, 2003, Bush was charged with felony driving while under the influence [1] and felony refusal to submit to a chemical test.[2] Bush's offenses were charged as felonies because he had two recent prior convictions for driving while intoxicated: one in May 2000 and one in November 2001.[3]

Bush moved to suppress the evidence of his May 2000 conviction. He argued that his 2000 conviction was void and could not be used to establish that he was a felony offender because he had not knowingly and intelligently waived his right to counsel in that case. The superior court agreed and ruled that Bush was entitled to withdraw his plea. The court stayed the felony case and tolled Criminal Rule 45 pending further proceedings in the 2000 case.

Bush ultimately filed an application for post-conviction relief. Bush asked the superior court to set aside his 2000 conviction with prejudice—that is, without any opportunity for the State to retry him—arguing that a retrial would violate his rights to due process and speedy trial and place him in jeopardy twice for the same offense. Superior Court Judge Harold M. Brown granted the application and set aside Bush's conviction. However, when Judge Brown signed Bush's proposed order dismissing the 2000 conviction, he scratched out the words "with prejudice"—paving the way for the State to retry Bush.

Bush appeals the superior court's decision that the State is entitled to retry him for the 2000 offense.

*Why we conclude that retrial will not violate Bush's right to a speedy trial*

Bush claims that retrying him would violate his right to a speedy trial.

1.  AS 28.35.030(a) & (n)

2.  AS 28.35.032(a) & (p).

3.  *See* former AS 28.35.030(n) and former AS 28.35.032(p).

4.  *Minch v. State,* 934 P.2d 764, 768 (Alaska App. 1997) (citing *Morris v. State,* 734 P.2d 1012, 1014 (Alaska App.1987)).

■ Alaska Criminal Rule 45(g) directs trial courts to dismiss a case without the opportunity for re-prosecution if the defendant is not brought to trial within the 120–day period required by the rule (as extended by any excluded periods). Bush argues that the 120–day time for trial expired in his 2000 case "sometime in 2000." He argues that, because he never uttered the words "no contest" or "guilty" when the district court accepted the plea agreement and entered judgment against him in the 2000 case, Rule 45 ran continuously from the time the charging document was served on him and expired sometime after the court sentenced him and issued a judgment.

We find no merit to this claim. It is well settled that the 120–day time for trial in Rule 45 stops running on the date a defendant announces his intent to change his plea.[4] At that point, the parties and court no longer anticipate a trial.[5] If the defendant later changes his mind and demands a trial, the 120–day period restarts at day 1.[6]

The transcript of Bush's change of plea hearing shows that Bush had reached a Rule 11 agreement with the State before the hearing. At the hearing, the court questioned Bush about this agreement and asked him if he was entering it freely and voluntarily. Bush said he was.

Absent an earlier notice of the change of plea, the Rule 45 clock stopped running at that hearing. Thus, retrying Bush will not violate Rule 45.

*Why we conclude that retrial will not violate the double jeopardy clause*

■ Bush next claims that the State would put him in jeopardy twice for the same offense by retrying him on the 2000 charge in order to remedy a defect of insufficient evidence in his pending felony case.

5.  *Cf. Morgan v. State,* 673 P.2d 897, 901–02 (Alaska App.1983) (citing *State v. Fevos,* 617 P.2d 490, 492 (Alaska 1980)).

6.  *Mustafoski v. State,* 954 P.2d 1042, 1044 (Alaska App.1998).

If the superior court had dismissed the current felony charge of driving while under the influence due to insufficient evidence—that is, if that charge had gone to trial and the State could not prove that Bush had two qualifying prior convictions—the double jeopardy clause would indeed prohibit the State from re-litigating the felony charge.[7] But Bush has not been tried in the felony case, so jeopardy has not attached. To the extent that Bush is claiming that the superior court erred by staying his current felony case and tolling Rule 45 so the State could retry him in the 2000 case, those claims are not properly before us in this appeal. No final judgment has been entered in Bush's felony case.

Nor is there merit to Bush's claim that the State will violate the double jeopardy clause by retrying him after his conviction was set aside. Bush filed an application for post-conviction relief asking the superior court to set aside the 2000 conviction based on his claim that he was denied his right to counsel in that proceeding. The double jeopardy clause does not preclude the government from retrying a defendant whose conviction is set aside at the defendant's request due to an error in the proceedings leading to conviction.[8] It is irrelevant for these purposes whether the conviction was overturned on direct or collateral attack.[9] The United States Supreme Court has explained the social interests served by this rule:

Corresponding to the right of an accused to be given a fair trial is the societal interest in punishing one whose guilt is clear after he has obtained such a trial. It

would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction. From the standpoint of a defendant, it is at least doubtful that appellate courts would be as zealous as they now are in protecting against the effects of improprieties at the trial or pretrial stage if they knew that reversal of a conviction would put the accused irrevocably beyond the reach of further prosecution. In reality, therefore, the practice of retrial serves defendants' rights as well as society's interest.[10]

Once Bush's 2000 conviction was set aside as void because his plea was entered in violation of the right to counsel, his former jeopardy was no longer a bar to re-prosecution.[11] Therefore, a retrial would not violate the double jeopardy clause.[12] It is true that Bush has already served his sentence for the 2000 offense, so if he is again convicted, he cannot receive any additional punishment for that offense.[13] But society retains an interest in ensuring that his 2000 offense can be used to establish his status as a repeat offender.

Bush alternatively claims that the superior court should have dismissed his case with prejudice because the State did not file a timely opposition to his application for post-conviction relief. But this circumstance did not relieve Bush of his obligation to plead facts demonstrating his entitlement to the relief he requested.[14] Bush did not make a

---

7.  See Howell v. State, 115 P.3d 587, 592 (Alaska App.2005).

8.  United States v. Tateo, 377 U.S. 463, 465–66, 84 S.Ct. 1587, 1589, 12 L.Ed.2d 448 (1964).

9.  Id.

10.  Id., 377 U.S. at 466, 84 S.Ct. at 1589.

11.  See Todd v. State, 229 Ind. 664, 101 N.E.2d 45, 46 (1951) (quoting Mitchell v. Youell, 130 F.2d 880, 882 (4th Cir.1942)) ("It is settled that an accused is not put in jeopardy by a void judgment of conviction, and that upon his discharge thereunder he may be again arrested and prosecuted.").

12.  See, e.g., United States v. Pennsylvania, 343 F.2d 605, 607 (3rd Cir.1965); Allen v. State, 262

Ga. 240, 416 S.E.2d 290, 291 (1992); Van Donk v. State, 676 N.E.2d 349, 352 (Ind.App.1997); State v. Dolack, 216 Kan. 622, 533 P.2d 1282, 1290–91 (1975). Cf. Tyler v. State, 24 P.3d 1260, 1263 (Alaska App.2001); Dutton v. State, 970 P.2d 925, 931–35 (Alaska App.1999).

13.  See Sonnier v. State, 483 P.2d 1003, 1005 (Alaska 1971) ("[O]nce a sentence has been meaningfully imposed, it may not, at a later time, be increased.").

14.  See Willie v. State, 829 P.2d 310, 312 (Alaska App.1992) ("A person seeking court action must plead facts that demonstrate his or her legal entitlement to the requested action; this is true whether or not an opposing party files a response."); see also State v. Johnson, 525 P.2d 532, 534–35 (Alaska 1974); Schandelmeier v.

prima facie case that retrial would violate the double jeopardy clause or his right to a speedy trial. He therefore did not establish that he was entitled to dismissal with prejudice on these grounds.

*Why we conclude that Bush had adequate notice of the court's decision and sufficient opportunity to supplement his petition for post-conviction relief*

■ Bush next argues that the superior court erred by not giving him notice that the court intended to deny his request for dismissal of the 2000 case with prejudice, and by not giving him an opportunity to supplement his application for post-conviction relief on the issue of whether retrial was prohibited. Bush argues that he was entitled to notice and an opportunity to supplement because the court ruled on his application without any response by the State.

In *Tall v. State*,[15] we held that the trial court is not required to give an applicant for post-conviction relief notice that it intends to dismiss an application if the State has moved to dismiss the application and given supporting reasons.[16] We reasoned that the State's motion to dismiss alerts the applicant to potential deficiencies in the application and gives the applicant an opportunity to oppose dismissal or to file an amended application.[17]

In this case, the State did not file a timely response to Bush's application. But even assuming, without deciding, that the court was obliged to give Bush notice and an opportunity to supplement before it denied part of the relief he requested, any error was harmless under the circumstances of this case. After the court set aside Bush's conviction, the State filed a motion for reconsideration. Bush filed an opposition to that motion. Bush also filed a motion asking the court to clarify or reconsider its order on the issue of whether the State could retry him. The State opposed Bush's motion, and Bush filed a reply. The record thus demonstrates that Bush had ample opportunity to respond

to the State's arguments on this and other issues and to supplement his application to counter those arguments.

Moreover, we note that we have addressed and rejected all of Bush's claims that he was entitled to dismissal of the 2000 case with prejudice.

*Why any error in denying Bush's motion for clarification was harmless*

■ Bush also argues that the superior court erred by not issuing findings of fact and conclusions of law when it declined to dismiss the 2000 case with prejudice. Criminal Rule 35.1(g) directs a trial court in post-conviction relief proceedings to "make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented."

In this case, findings of fact were unnecessary because the facts underlying Bush's application for post-conviction relief were uncontested. And to the extent that the court erred in failing to expressly state its conclusions of law, any error was harmless because the record reveals a clear legal basis for the superior court's action.[18]

Because Bush has not established any prejudicial error, we reject his claim that the superior court's cumulative errors amount to a violation of due process. If Bush believes a retrial would be unfair because the State has not preserved all the evidence in his 2000 case, he is free to pursue that claim in the district court.

*Conclusion*

We AFFIRM the decision of the superior court.

---

Winchester Western, 520 P.2d 70, 75 (Alaska 1974).

**15.** 25 P.3d 704 (Alaska App.2001).

**16.** *Id.* at 706–08.

**17.** *Id.* at 707.

**18.** *See Eldridge v. State,* 848 P.2d 834, 836 (Alaska App.1993).